54 N.J. Super. 260 (1959)
148 A.2d 728
NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, ET ALS., PLAINTIFFS,
v.
CARL HOLDERMAN, COMMISSIONER, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, DEFENDANT.
ESSO STANDARD OIL COMPANY, ET ALS., PLAINTIFFS,
v.
CARL HOLDERMAN, COMMISSIONER, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Motions Argued January 12, 1959.
Decided March 2, 1959.
*264 Before Judges CONFORD, FREUND and HANEMAN.
Mr. John W. Fritz and Mr. Edward B. Meredith argued the motion for plaintiffs (Messrs. Wharton, Stewart & Davis, attorneys, and Mr. Richard H. Herold, on the brief).
Mr. David M. Satz, Jr., Deputy Attorney General, argued the motion for defendant (Mr. David D. Furman, Attorney General, attorney, and Mr. Martin L. Greenberg, Deputy Attorney General, on the brief).
*265 The opinion of the court was delivered by CONFORD, J.A.D.
After hearing argument on the motions herein, the court requested supplemental briefs, which have been received and considered. Some aspects of the problems involved in these applications have not been fully dealt with heretofore by our courts.
These are consolidated proceedings for declaratory judgment brought in this court under R.R. 4:88-10 by various affected insurance companies, employers insured for workmen's compensation, and self-insured employers, to attack the validity of certain administrative regulations promulgated by the defendant and made effective October 1, 1958. The regulations deal with reports of accidents and occupational diseases by employers and insurance carriers. The effectuation of the regulations has been stayed pending determination of this cause.
Two motions were brought on by the petitioners. One was to strike the contents of a purported "record resulting in the promulgation of the rule being reviewed," filed by the defendant in attempted compliance with the requirements of R.R. 4:88-10. This motion was denied by the court, the ruling being that the "record" would stand for what it might be worth. More as to this anon. The other motion, which is the primary subject of this opinion, was for leave to take additional evidence on the issues in the case, pursuant to R.R. 4:88-11.
The new regulations are comprised of a notice by the defendant, in his official capacity, referring to the adoption by him of certain forms appended to the notice, to be used for reporting accidental injuries and compensable occupational diseases, these to take the place of forms previously required under and pursuant to the Workmen's Compensation Act and regulations adopted by the Division of Workmen's Compensation of the Department of Labor and Industry in the past. The most significant change in accident reporting practice under the new regulations, apparently, is that self-insured employers who previously had reported only accidents or compensable occupational diseases *266 causing disability extending beyond the waiting period or causing any permanent injury, are now required to report substantially every accident and disability.
The basis for the legal attack on these regulations is, broadly stated, three-fold. First, the new requirements are beyond statutory authorization and in conflict with the applicable statutes. Second, they are unreasonably burdensome, arbitrary and impossible of compliance. Third, they bear no reasonable relationship to the purpose of the Workmen's Compensation Act and its provisions relating to the reporting of accidents, and, in some respects, they are contrary to the best interests of affected employees.
The promulgation of the regulations in question was not preceded by any agency hearing whereby interested members of the public could give their views on the proposals. Although such a hearing is eminently desirable when practicable, Pennsylvania Railroad Co. v. Department of Public Utilities, 14 N.J. 411, 426 (1954), it was not an absolute legal requisite, as the regulations are quasi-legislative in character, and no positive statutory requirement for such a hearing exists in relation to such regulations as these. Bailey v. Council of the Division of Planning, etc., State of New Jersey, 22 N.J. 366, 372 (1956); and see Jamouneau v. Harner, 16 N.J. 500, 522, 523 (1954). The Bailey case suggests that when an agency is informed that its administrative action is likely to be challenged (and presumably, where its action has not been preceded by an agency hearing), it must "gird itself by preparing an appropriate ex parte record or, where statutory or practical considerations so require, a record based upon a preliminary hearing of the controversy" (22 N.J., at page 375). This the defendant attempted to do after the petitions herein were filed by preparation of the "record" mentioned above.
The "record" begins with a statement by the defendant that accident reporting under existing regulations is inadequate, particularly by self-insured employers, and that the new regulations are needed for more effective administration of programs in his department involving reduction of *267 industrial accidents, rehabilitation of injured employees, enforcement of laws affecting employment of minors, and administration of the direct settlement program in compensation cases. Recommendations by "people who are directly in charge of these phases of the Department's activities" of a "more detailed reporting program" are stated to have led to the promulgation of the new regulations. Appended to the statement are six affidavits by various division, bureau or section administrators in the Department of Labor and Industry, stating briefly and generally (mostly in two legal-cap pages) the relationship of the new regulations to the functions of the particular division, section or bureau.
On the motion of petitioner to strike this "record" as not being the "record of the proceedings resulting in the promulgation of the rule being reviewed" contemplated by R.R. 4:88-10, we permitted it to stand for what it might be worth, deeming it within the directions quoted above from the Bailey case, and affording the only "ingredients of [the] reasoned judgment" of the agency underlying its challenged action in the present case, and available to test the legality thereof. It is obvious, however, that such a record may not present as satisfactory a background for review purposes as a hearing on proposed regulations held in advance of their promulgation.
The other motions by petitioners are brought under R.R. 4:88-11. This provides that:
"Any party to the proceedings described in the preceding paragraph may apply to the Appellate Division by notice of motion supported by affidavit, for leave to present additional evidence on the issues in the case; if it appears that the additional evidence is material and that there were good reasons for failure to present it in the proceedings before the agency, the court may order that the additional evidence be taken before the agency or, in exceptional instances, before a judge of a trial division, upon such terms as it deems proper; and upon the completion of the taking of the additional evidence, it shall be made part of the record before the Appellate Division, together with, in instances where the additional evidence has been taken before the agency, findings of fact thereon by the agency."
*268 It will be seen that this rule is substantially the same as R.R. 4:88-9, dealing with such applications in appeals to the Appellate Division from final decisions or actions of state administrative agencies prosecuted under R.R. 4:88-8, i.e., in general, quasi-judicial actions in adversary proceedings, as distinguished from quasi-legislative action reviewable under R.R. 4:88-10. McKenna v. New Jersey Highway Authority, 19 N.J. 270, 276 (1955); Carls v. Civil Service Commission, 17 N.J. 215, 219-220 (1955). These labels cannot be taken too literally, however. For example, adjudication of utility rates by the Public Utility Commission is generally considered quasi-legislative, see In re New Jersey Power & Light Co., 9 N.J. 498, 508 (1952), yet a contested rate case before the administrative agency involves so many of the ordinary concomitants of an adversary proceeding that a determination therein is unquestionably properly reviewable by R.R. 4:88-8. And see In re Plainfield-Union Water Co., 11 N.J. 382 (1953), for a situation of express legislative provision for review of such action.
The petitioners seek to take testimony before a judge of a trial division of the Superior Court to fortify their assault upon the legality and reasonableness of the regulations. Without here listing all the subject heads under which the proposed evidence would fall, some of them relate to: the undue burden and alleged impossibility of furnishing the newly required records as a matter of business administration; previous administrative interpretation of existing legislative requirements for reporting accidents, in aid of the argument of inconsistency of the regulations with pertinent statutes; departmental practice in relation to the various programs mentioned by the defendant to show an absence of relationship of the new forms to any existing or authorized administrative program; and impracticability of some of the questions on the forms relating to diagnoses of physical conditions.
We shall later herein make specific disposition of each subject head of the proposed testimony. We presently *269 deal with the argument of the defendant that the record for review is sufficiently constituted by the "record" filed by him in these proceedings and discussed above; that all of the evidence sought is extraneous to the question of the reasonableness of the administrative or business judgment of the defendant represented by these regulations; and that "the function of this court should be to determine whether the needs and reasons as outlined in the affidavits [in the `record'] justify the promulgation in light of existing statutory authority." But it is clear that this conception takes far too circumscribed a view of the function of judicial review of an administrative regulation. While, in the end, much or all of what petitioners propose to adduce may reveal itself to be immaterial or insufficient to overcome the strong presumption of reasonableness and validity which ordinarily attends administrative regulatory action, see Daughters of Miriam Home, etc. v. Legalized Games, etc., 42 N.J. Super. 405, 415 (App. Div. 1956), we are in no present position to exercise a fully considered judgment as to materiality or relevance. While R.R. 4:88-11 requires an initial showing that the additional evidence is material, a fairly broad approach to the question of materiality will be entertained by the court on the initial application where the scope of the attack on the regulations is broad and the subject matter is not in an area of common knowledge.
Moreover, in relation to the issues of power and consistency with existing legislation, some of the proofs proposed seem well-designed to afford the court a better understanding of the practical intendment of the relevant legislation, as well as of the effect of both the prior and the proposed regulations. Adequate background information is an essential to sound adjudication. See American Telephone & Telegraph Co. v. United States, 299 U.S. 232, 57 S.Ct. 170, 81 L.Ed. 142 (1936), a typical action attacking the reasonableness of administrative regulations, wherein extensive evidence, some of it of an expert nature, was adduced at the trial.
*270 Under the certiorari practice preceding the reorganization of the courts in 1947-1948, petitioners would have taken the evidence here in question by depositions before a Supreme Court Commissioner, practically as a matter of course. See McKenna v. New Jersey Highway Authority, supra (19 N.J., at page 278). For an example of a case in which that practice was employed and in which the court nullified an administrative regulation as unreasonable and invalid on the facts, see Lakewood Express Service v. Board of Public Utility Comm'rs., 1 N.J. 45 (1948).
As already seen, the burden of showing the regulations to be invalid is petitioners'. The only factual record now before us is the sparse "record" made after this proceeding began by defendant and his staff. Petitioners must be accorded a fair opportunity to make a factual showing supportive of their attack on the regulations, particularly in a case where, as here, they had no opportunity to offer objections before the regulations were adopted. See McKenna v. New Jersey Highway Authority, supra (19 N.J., at page 277).
We have considered petitioners' request that the proofs be taken before a trial judge rather than before the agency. The rule permits taking proofs before a trial judge only "in exceptional instances." Petitioners say this is such a case because the agency is, in effect, the adverse party, and the taking of proofs should not be committed to one of the adversaries in the proceedings. While this argument has surface appeal, it must fall in view of the fact that it would be more or less pertinent to any petition under R.R. 4:88-10, and yet the Supreme Court in promulgating the rule has specified the agency whose regulations are under review as the taker of the additional proofs in all but exceptional circumstances. Thus, the adverse position of the agency is apparently not conceived of as an exceptional circumstance. The practice of having the agency take the additional proofs is fairly general. See New Jersey Restaurant Ass'n, Inc. v. Holderman, 24 N.J. 295, 298 (1957); Bailey v. Council of the Division of Planning, etc., State *271 of New Jersey, supra (22 N.J., at page 375); McKenna v. New Jersey Highway Authority, supra (19 N.J., at page 283).
There are affirmative reasons why the agency is the more appropriate body to take the proofs in this case. To some extent, the taking of the evidence will provide the self-informing function omitted by the agency when it adopted the regulations without prior hearing. The defendant is not here in the position of a private litigant but that of a public official with broad responsibility in a vital sphere of government, and as such entitled to the presumption of a genuine interest in the ultimate emergence at the end of this case of regulations not only consistent with statutory authority but founded upon a consideration of all factual data available and relevant to the policy considerations implicated. Cf. In re Plainfield-Union Water Co., 14 N.J. 296, 308, 309 (1954). The bringing of this proceeding has already resulted in one important voluntary modification of the proposals by the defendant. The hearing of the forthcoming evidence by the defendant may possibly conduce to further modifications or deletions narrowing the area of dispute or improving the administrative product (we do not imply any present opinion that any such are indicated or required). Cf. New Jersey Restaurant Ass'n, Inc. v. Holderman, supra (24 N.J., at page 308). Of course, these considerations will be effectively served only if the hearing officer receives the evidence with broad liberality, conscious of the circumstance that the proofs are not only for consideration by the defendant but also by the court in the final determination of such contest as may remain after the defendant makes the findings of fact on the evidence and accordant conclusions contemplated by R.R. 4:88-11.
This brings us to the matter of the specific subject heads of proof sought. Our conclusions in this regard are based upon both the reasonable necessities of the petitioners and accomplishing the final disposition of the case as a whole as expeditiously as possible. We are advised that *272 some of the required factual data will be stipulated. Referring now only to such data as the parties have not indicated will be stipulated, petitioners may offer proofs as to: (1) practical interpretation of prior rules on accident reporting by petitioners (practical interpretation through departmental practices will be afforded not by testimony but by answers to interrogatories or by stipulation); (2) the lack of necessity for, burdensome nature, and irrelevance to statutory purposes of information sought by proposed reports (departmental knowledge and data relevant to this will be afforded not by testimony but by answers to interrogatories or by stipulation); (3) manner of reporting by assureds under policy provisions; (4) practical difficulties and burdens of compliance of employers in various situations; (5) cost and inability of personnel to answer particular questions designated in forms.
Petitioners also seek to offer proof by expert medical testimony as to the harmful effect upon injured or diseased employees of permitting them to have copies of reports giving medical diagnoses of certain conditions, as required by one of the forms. Balancing relevancy against expedition of the proceedings, we deem it preferable that this data be submitted by affidavit, subject to cross-examination. If any of the other data mentioned above can by consent be similarly offered in affidavit form, this is allowable. Defendant may, of course, offer additional proofs in support of the regulations or in rebuttal of petitioners' proofs.
Petitioners also seek, and defendant resists, cross-examination of the affiants on the affidavits made a part of the record by the defendant. Defendant says this would involve an impermissible probing of the mental processes of the agency, citing United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). However, the rationale of the principle invoked is that one who performs a quasi-judicial function should not be examined as a witness as to the manner of his arriving at an adjudication. See Davis on Administrative Law (1951), § 101, pp. 333-336. Here it is not proposed to examine the responsible head of *273 the agency. Nor is the challenged action here in any respect adjudicatory, as in a contested adversary proceeding. Since these affidavits are the primary factual basis for the defendants' defense against this attack, it would seem fair that cross-examination as to factual statements or conclusions contained therein should be permitted, and it will be so ordered. Cf. In re Plainfield-Union Water Co., supra (11 N.J., at page 392) (concededly involving a legislative proceeding with judicial-type aspects not found in the present case). While the relationship between the new regulations and the particular departmental functions may be explored in respect of fact (and we see no reason why this process need be unduly protracted), the cross-examination should not be argumentative or exploratory of supposedly better or alternative means for the exercise of defendant's administrative responsibilities.
Except to the extent indicated, other or general exploration of defendants' records or examination of his personnel by depositions or interrogatories is disallowed.
The testimony shall be taken before the agency head or any lawful designee. Hearings should begin at the earliest practicable date and continue on a daily basis until concluded. The full record, as amplified, shall be completed by May 15, 1959, and findings of fact and conclusions thereon by the defendant filed by June 15, 1959. Thenceforth the matter shall proceed as provided by R.R. 4:88-10.
Submit order.