132 N.J. Super. 45 (1974)
332 A.2d 209
IN THE MATTER OF THE PROMULGATION OF RULES OF PRACTICE AND REGULATIONS FOR THE OFFICE OF CABLE TELEVISION. NEW JERSEY CABLE TELEVISION ASSOCIATION, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1974.
Decided December 26, 1974.
*46 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. Francis R. Perkins argued the cause for appellant, (Messrs. Holzapfel & Perkins, attorneys; Mr. John J. Janasie, Messrs. Holzapfel & Perkins, on the brief).
Mr. Bertram P. Goltz, Deputy Attorney General, argued the cause for respondent Director, Office of Cable Television, Board of Public Utility Commissioners (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; and Mr. William Gural, Deputy Attorney General, on the brief).
PER CURIAM.
An Office of Cable Television was established within the Department of the Public Utility Commission (PUC) by statute effective December 15, 1972. N.J.S.A. 48:5A-1 et seq. The Acting Director of the Office *47 of Cable Television (hereafter Director), through the Board of Public Utility Commissioners (Board), issued an order promulgating rules and regulations for the Office of Cable Television within the Department of Public Utilities. Prior to promulgation, the proposed rules had been published, comments thereon received and a hearing held. The New Jersey Cable Television Association had filed written comments on the proposed regulations along with suggestions for changes and was represented at the hearings. After the rules and regulations were approved, it filed a motion for reconsideration, rehearing and reargument. The motion was denied. This appeal followed.
The association argues on this appeal that certain of the regulations adopted are invalid. The regulations thus attacked provide:
(1) "deposits to insure credit" must be maintained in separate accounts and used only for the maintenance of subscriber accounts (Reg. 14:507-1);
(2) simple interest at the rate of at least 6% per annum must be paid on deposits held more than 6 months (Reg. 14:507-1);
(3) "at least 15 days time for each payment shall be allowed after sending a bill" (Reg. 14:507-5E);
(4) at least 15 days written notice of intention to discontinue service must be given if the service is to be discontinued for non-payment of bills (Reg. 14:507-5E).
The association contends, first, that the Director lacks legislative authority to promulgate rules and regulations concerning consumer deposits. This argument proceeds as follows. The statute provides:
* * * [N]othing in this act shall be construed as declaring or defining cable television to be a public utility or subjecting it to the application of any of the provisions of Title 48 [Public Utilities] of the Revised Statutes, except as otherwise specifically provided in this act. N.J.S.A. 48:5A-4.
Reference is then made to N.J.S.A. 48:2-29.5 which deals with consumer deposits and grants authority to the PUC *48 to adopt rules and regulations with respect to them. The argument continues with the conclusion that if there was no authority to regulate consumer deposits contained within the broad grant of power delegated to the PUC, it does not exist in the grant of authority issued to the Office of Cable Television absent a specific provision similar to that contained in N.J.S.A. 48:2-29.5. It is conceded such a provision is here missing. Therefore, the association contends the regulation on consumer deposits is ultra vires and invalid.
We do not think the power delegated can be so narrowly construed. The broad public policy to be fostered by the statute is set forth in N.J.S.A. 48:5A-2 and the means by which this public policy is to be implemented is detailed in N.J.S.A. 48:5A-10. The authority of the Director and the Board under the Act expressly includes the power to "supervise and regulate" the "contracts" entered into by every CATV company. N.J.S.A. 48:5A-9(b). In order to discharge its responsibilities under the Act, the Director with the approval of the Board is given authority to adopt rules and regulations governing, inter alia:
* * * The prohibition and prevention of the imposition of any unjust or unreasonable, unjustly discriminatory or unduly preferential individual or joint rate, charge or schedule for any service supplied or rendered by a CATV company within this State, or the adoption or imposition of any unjust or unreasonable classification in the making or as the basis of any individual or joint rate, charge or schedule for any service rendered by a CATV company within this State. N.J.S.A. 48:5A-10(b).
In short, the Cable Television Act confers comprehensive jurisdiction upon the Director and the Board to regulate cable television, comparable in scope in most respects to the PUC's jurisdiction over public utilities.
It is now well established that such a grant of authority is to be liberally construed so as to enable an agency to discharge its statutory responsibilities. N.J. Builders, *49 Owners and Managers Association v. Blair, 60 N.J. 330 (1972); Township of Deptford v. Woodbury Ter. Sewerage Corp., 54 N.J. 418 (1969).
We conclude that the regulations regarding consumer deposits, billing and discontinuance of service are well within the authority of the PUC to adopt.
It is to be noted that the Act in question provides that one of the objectives sought to be obtained in the regulation of CATV companies is to promote and encourage harmony between the companies and their subscribers and customers. N.J.S.A. 48:5A-2(c) (4). These declarations of public policy are broad enough to authorize the promulgation of rules and regulations pertaining to such matters as consumer deposit accounts, procedures for collection of accounts and discontinuance of service of delinquent customers.
The association next contends the hearings required by N.J.S.A. 48:5A-10 were not properly held prior to promulgation and that the rules and regulations are consequently invalid. More precisely, the association complains that the Director and the Board failed to offer testimony or produce evidence in support of their proposed regulations. While it concedes the proposed regulations were published in advance of enactment and an opportunity to submit comments and objections was afforded to interested persons, it contends the Director and the Board are required to go further and set forth the facts upon which the Director relied in the promulgation of the proposed rules and regulations so that interested parties may offer evidence in opposition thereto.
The function of the Director and the Board is essentially legislative in nature in this situation. Facts sufficient to justify rules and regulations thus promulgated are assumed and the burden is on the one who asserts the contrary. Consolidation Coal Co., et al v. Kandle, et al, 105 N.J. Super. 104, 114 (App. Div.), aff'd 54 N.J. 11 (1969). The association does not contend that the hearing requirement of the Administrative Procedure Act, N.J.S.A. 52: *50 14B-4, was not followed but contends that the reasons for the rules which were promulgated were not established on the record. Appellant cites Safeway Trails, Inc. v. Bd. of Pub. Util. Com'rs., 42 N.J. 525 (1964), as support for its contention that a statement of legislative facts upon which regulations are based is required. Such reliance is misplaced. The regulations there involved were technical in nature, involving engineering specifications, and dealt with hazardous situations. The hearing there involved was conducted under a special statute, N.J.S.A. 48:2-23, as it had been construed in the case of Pennsylvania Railroad Co. v. Dept. of Public Utilities, 14 N.J. 411 (1954). In this case the regulations deal with customer relations, do not involve technical expertise and the hearing was held under the general provisions of the Administrative Procedure Act. Moreover, the Court held in Safeway Trails, supra, 42 N.J. at 539:
We might in a proper case excuse the failure of the Board to put in evidence the specific materials on which it relies in promulgating its rules, where a reasonable basis for the adoption of the regulations appears in the record and it otherwise indicates that the interested parties were in fact aware of the underlying reasons or were not prejudiced. * * * [T]he procedural requirements [of this case] are not to be applied to particular administrative proceedings when good sense and justice dictate otherwise.
Finally, appellant argues the regulations are arbitrary and unreasonable. We find this argument to be without merit. Appellant does not point to any evidence sufficient to overcome the presumption of validity.
Affirmed.