139 N.J. Super. 514 (1976)
354 A.2d 652
IN THE MATTER OF THE DEPARTMENT OF ENVIRONMENTAL PROTECTION DECISION ON THE APPLICATION OF TRIARCH CORPORATION (A N.J. CORP.) FOR A TYPE B WETLANDS PERMIT.
Superior Court of New Jersey, Appellate Division.
Submitted January 12, 1976.
Decided February 20, 1976.
*515 Before Judges CARTON, CRAHAY and HANDLER.
*516 Messrs. McDonough, Murray & Korn, Esqs., attorneys for appellants Ocean County Chapter, Inc., Izaak Walton League of America (Mr. Joseph E. Murray on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent Department of Environmental Protection (Mr. John M. Van Dalen and Mr. Morton Goldfein, Deputy Attorneys General, of counsel and on the brief).
Messrs. Johnstone & O'Dwyer, attorneys for respondent Triarch Corporation (Mr. Jeremiah D. O'Dwyer on the brief).
PER CURIAM.
We disagree with the primary contention of appellants that the Department of Environmental Protection was wrong in not classifying the proceedings as a "contested case" under the Administrative Procedure Act, N.J.S.A. 52:14B-10, and for that reason denied these objectors the right to cross-examine witnesses.
Under the Administrative Procedure Act a contested case is defined specifically as a proceeding which, by "constitutional right or by statute," must be determined after opportunity for an agency hearing. N.J.S.A. 52:14B-2(b). The Wetlands Act of 1970, N.J.S.A. 13:9A-1 et seq., pursuant to which these proceedings were brought, does not require that a hearing be afforded in connection with an application for a wetlands permit. N.J.S.A. 13:9A-4(c), (d). The procedure for a Type B permit is provided by regulation and order of the Department. N.J.A.C. 7:7A-4.1 et seq. These prescribe a public hearing for the purpose of providing an opportunity for interested persons to present their views. The hearing is not adjudicatory and is not required to be conducted as a "contested hearing" under the Administrative Procedure Act.
Other arguments made by appellants are that they were improperly denied the opportunity to file exceptions to the recommended findings of the hearing examiner, contrary to *517 N.J.S.A. 52:14B-10(c), and that they were not given the opportunity to examine and contest certain technical reports, studies or staff memoranda or data which had been filed with the Commissioner by the Division of Water Resources and the Division of Fish, Game and Shellfisheries, as required by N.J.S.A. 52:14B-10(b).
These arguments are rejected. The right to examine and contest materials filed with the Commissioner which are otherwise the subject of administrative notice and the right to file exceptions are procedural rights accorded to the parties in a contested hearing under the Administrative Procedure Act. N.J.S.A. 52:14B-10(b), (c). In the present proceedings, fairness and overall administrative balance and soundness are reasonably secured by the regulations under the Wetlands Act of 1970 which provide for public notice of the proposed application for a permit, access to the records and information concerning the application, and a full hearing for the benefit of interested parties in order to develop their position concerning the application and the environmental effects of the proposed activity. N.J.A.C. 7:7A-4.6. Thus, in these proceedings, the Department must be fully sensitive and responsive to the concern of interested persons. Cf. So. Brunswick Tp. v. N.J. Turnpike Auth., 129 N.J. Super. 126, 139-140 (App. Div.) certif. den. 66 N.J. 334 (1974).
It is also urged that the Department failed to make adequate findings of fact and conclusions of law. While appellants present this ground under N.J.S.A. 52:14B-10(d), that provision is applicable only to contested cases under the Administrative Procedure Act. That requirement, however, is virtually universal in administrative proceedings and is specially recognized in these particular cases. N.J.A.C. 7:7A-4.11.
Nevertheless, we are satisfied that the determination of the agency was reached on sufficient credible evidence present in the record as a whole giving due regard to the expertise of the agency. Mayflower Securities v. Bureau of *518 Securities, 64 N.J. 85, 92-93 (1973). The decision of the Commissioner is based upon adequate findings of fact and conclusions drawn from the evidence of record and is not otherwise shown to be arbitrary, capricious or unreasonable. Cf. United Hunters Ass'n of N.J., Inc. v. Adams, 36 N.J. 288 (1962). That decision to issue a Type B permit recognized the standards under N.J.A.C. 7:7A-4.7(a)(1) to 4.7(a)(4) as well as the factors in N.J.A.C. 7:7A-4.8 (a)(1) to 4.8(a)(12). The decision of the Commissioner, which incorporated the summary report of the hearing examiner, complied with the operative regulations.
Affirmed.