153 N.J. Super. 232 (1977)
379 A.2d 476
IN THE MATTER OF THE APPLICATION OF MODERN INDUSTRIAL WASTE SERVICE, INC., A NEW JERSEY CORPORATION, FOR A CERTIFICATE OF REGISTRATION AND APPROVAL FOR THE OPERATION OF A TRANSFER STATION AT 251 SECOND STREET, ON LOTS 23, 24 AND 25 IN BLOCK 14, IN THE TOWNSHIP OF SADDLE BROOK, BERGEN COUNTY, N.J., FACILITY NO. 0257A.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1977.
Decided October 18, 1977.
*234 Before Judges BISCHOFF, KOLE and GAULKIN.
Mr. William D. Gorgone argued the cause for appellant Township of Saddle Brook.
*235 Mr. Nathan M. Edelstein, Deputy Attorney General, argued the cause for respondent Department of Environmental Protection (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
Mr. John D. Pogorelec argued the cause for respondent Modern Industrial Waste Service, Inc.
PER CURIAM.
The Township of Saddle Brook (township) appeals from an administrative order issued by the Department of Environmental Protection (DEP) granting a certificate of registration to Modern Industrial Waste Service, Inc. (Modern) for the operation of a solid waste transfer station in the township.
On September 14, 1971 Modern purchased the premises located at 251 Second Street in the township. On this property is located a facility for the operation of a solid waste transfer station. The property is located in a heavy industrial zone and its present usage as a solid waste transfer station is a permitted one. Access to the facility is through adjacent residential zones.
In August 1974 the township issued a building permit for a ramp at the facility and, in January of 1975, issued a permit for the construction of a building to enclose the compactor used by Modern.
From April 1975 to December 1975 the township used the facility and paid Modern for this service.
In December 1975 the Solid Waste Administration (SWA), a bureau of the DEP, discovered that Modern was operating the transfer facility without prior registration and ordered Modern to cease operations or to register. On January 21, 1976 Modern submitted an application for registration to the SWA which, on January 29, 1976, sent notices to various officials of the township advising them of the application for registration filed by Modern and stating:
*236 The Solid Waste Management Act permits the Department of Environmental Protection to deny registration to any solid waste operation if, in its opinion, that operation would violate the regulations promulgated under that act. The Bureau of Solid Waste Management wishes to extend to you the opportunity to comment on this facility. We would appreciate any factual information indicating that the operation of this facility would be in conflict with either local zoning or planning or concern for its impact upon traffic, public safety, public buildings or institutions.
On February 25, 1976 the township, through its health officer, responded by letter and detailed various complaints of residents in the area concerning the operation of the transfer facility. They included complaints as to (1) the sole means of access to the facility being through adjacent residential zones, and (2) noise pollution. The township did not request a hearing.
On October 8, 1976 the SWA granted Modern's application for a certificate of registration, conditioned upon compliance with certain requirements, including: (1) limitation of noise levels; (2) prohibition against acceptance of certain described types of waste; (3) compliance with all applicable rules, regulations and ordinances of all local, state and federal agencies, and (4) construction and operation in compliance with certain designated standards.
The township appeals from the grant of a certificate of registration, contending it had a statutory right to a hearing which was denied. The township relied upon the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq., specifically N.J.S.A. 52:14B-9(a), which provides that "In a contested case, all parties shall be afforded an opportunity for a hearing after reasonable notice." A contested case is defined in the statute as "a proceeding, including any licensing proceeding, in which the legal rights, duties, obligations, privileges, benefits or other legal relations of specific parties are required by constitutional right or by statute to be determined by an agency by decisions, determinations, or orders, addressed to them or disposing of their *237 interests, after opportunity for an agency hearing." N.J.S.A. 52:14B-2(b).
The Administrative Procedure Act does not create a substantive right to an administrative hearing. The act merely prescribes the procedure to be followed in the event an administrative hearing is otherwise required by statutory law or constitutional mandate. Public Interest Research Group v. Dep't of Environmental Protection, 152 N.J. Super. 191 (App. Div. 1977); In re Dep't of Environmental Protection Decision on the Application of Triarch Corp., 139 N.J. Super. 514 (App. Div. 1976).
The only statutory provision to which we are referred is contained in the Solid Waste Management Act, N.J.S.A. 13:1E-1 et seq. N.J.S.A. 13:1E-12, which provides for a hearing before revoking or suspending a registration certificate previously issued, obviously is not applicable for there is no proceeding pending to revoke or suspend Modern's registration certificate.
Appellant also contends the failure to establish and conduct a hearing violates N.J.A.C. 7:26-5.4. Assuming arguendo, that the township is an aggrieved person within the provisions of N.J.A.C. 7:26-5.4(p)[1], it is clear the township failed to apply for a hearing within 15 days. This time requirement is a jurisdictional prerequisite which must be met before the SWA may grant the hearing. Midland Glass Co. v. Dep't of Environmental Protection, 136 N.J. Super. *238 194 (App. Div. 1975), certif. dism. as moot 70 N.J. 152 (1976); Scrudato v. Mascot S & L Ass'n, 50 N.J. Super. 264, 269 (App. Div. 1958).
Appellant next contends that the new procedural rules adopted by the Commissioner of Environmental Protection on September 20, 1976 entitle it to a hearing. These rules apply, by their terms, "to the review of plans for new or expanded solid waste facilities." They provide, in pertinent part, as follows:
N.J.A.C. 7:1-6.4 Consultation:
The Solid Waste administration shall meet with the governing bodies of the notified counties or municipalities, or their representatives, upon request of said governing bodies prior to the hearing specified in Section 5 of this Subchapter.
and
N.J.A.C. 7:1-6.5 Public hearing:
The Solid Waste administration shall not approve any plans without first holding a nonadversarial public hearing on said plans in order to receive public comment.
As the DEP points out, (1) Modern did not seek permission to build or expand and (2) the review of Modern's application for registration was substantially complete when these revised rules were adopted. Final approval was granted Modern on October 8, 1976.
For both of these reasons we hold that Modern's application and the township's right to a hearing should be determined under prior existing rules.
The township also contends the failure to establish a hearing violated the constitutional protection afforded it by the due process clauses of both the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. I, par. 1 of the N.J. Constitution.
Not every decision of an administrative agency must be preceded by a hearing:
*239 The question of whether an administrative agency is required to grant a hearing to affected parties before issuing an order is generally determined by inquiring whether the action is of a quasi-judicial nature, as opposed to an action of a legislative or executive (sometimes called ministerial) nature. Handlon v. Town of Belleville, 4 N.J. 99 (1950); New Jersey Manufacturers Cas. Ins. Co. v. Holderman, 54 N.J. Super. 260 (App. Div. 1959). If the action partakes of the judicial, our traditions of due process and fair play require that affected parties be afforded the benefits of notice and a hearing along with other essential concomitants of judicial action. [Jersey City v. Department of Civil Service, 57 N.J. Super. 13, 45 (App. Div. 1959)]
The factors necessary to constitute a quasi-judicial function requiring a hearing are defined in the case of Handlon v. Belleville, supra, as follows:
The quality of the act rather than the character of the agency exercising the authority is determinative of the nature of the power and the need for procedural due process. Where the administrative tribunal is under a duty to consider evidence and apply the law to the facts as found, thereby exercising a discretion or judgment judicial in nature on evidentiary facts, the function is ordinarily quasi-judicial and not ministerial. The classification depends upon the nature of the act and the controls placed upon the exercise of the power in the legislative grant. [at 105]
See also, Public Interest Research Group v. Dep't of Environmental Protection, supra.
The township, a municipal corporation, is seeking to enforce the alleged rights of its constituents. It does not claim that any direct property rights of its own are affected by the operation of Modern's transfer station and relies, instead, upon purported difficulties experienced by its citizens resulting from Modern's operation. Assuming, without deciding, that the township has standing to challenge the action of the SWA, it lacks sufficient property interests to invoke due process principles of constitutional protection.
The registration certificate of Modern was issued subject to certain conditions, one of which was that the operation of the transfer station meet the requirements "of all applicable rules, regulations and ordinances of all local, State *240 and Federal agencies." The township concedes it has in existence ordinances relating to noise levels and traffic control. Enforcement of appropriate controls of this type will afford the complaining citizens the relief to which they are entitled.
Here, the action of the SWA is clearly legislative in nature. Even the amended regulations, N.J.A.C. 7:1-6.5, provide only for a "nonadversarial public hearing."
For the foregoing reasons, we hold that appellant is without a constitutional, statutory or administrative right to a hearing. The proceeding below was not the type of administrative procedure where a hearing is required.
The Township contends the failure of the administrative agency to make adequate findings of fact, as mandated by N.J.A.C. 7:26-5.4(m), calls for reversal and a remand.
Detailed findings of fact are only required in adjudicated contested cases, N.J.S.A. 52:14B-1 et seq., where the matter is of an inherently judicial or quasi-judicial nature, or where otherwise required by statute. Public Interest Research Group v. Dep't of Environmental Protection, supra; In re Promulgation of Rules of Practice, 132 N.J. Super. 45 (App. Div. 1974), certif. den. 67 N.J. 95 (1975); Gardens v. Passaic, 130 N.J. Super. 369, 378 (Law Div. 1974), aff'd 141 N.J. Super. 436 (App. Div. 1976).
The proceeding below was not a contested matter within the terms and provisions of the Administrative Procedure Act, hence no adjudication was necessary. There was no formal testimony to be taken, no witnesses to be heard and no credibility to be judged. Instead, Modern's application remains, strictly and simply, one of a technical review of engineering data submitted by Modern to the SWA. Nor is there any requirement, under the statute here involved, for formal findings of fact, and it follows that under these circumstances such findings are not required.
Appellant finally contends that the "granting of the registration certificate to Modern was a violation of the Administrative *241 Code, N.J.A.C. 7:26-2.2(c)."[2] We find this contention to be without merit.
Affirmed.
NOTES
[1] N.J.A.C. 7:26-5.4(p) provides that:

In addition to any hearing mandated by the New Jersey Solid Waste Management Act (N.J.S.A. 13:1E-1 et seq.), any person aggrieved by any of the following actions of the Bureau of Solid Waste Management may, upon application made within 15 days after notice of the action be entitled to a hearing before the Department:
1. Denial of a rebate of a penalty paid pursuant to N.J.S.A. 13:1E-9;
2. Intent to deny a registration application;
3. Refusal to renew a registration application when renewal application has been timely made;
4. Approval with conditions of a registration application.
[2] N.J.A.C. 7:26-2.2(c) provides that: "No new facility shall begin operations without first obtaining Departmental approval of the engineering design submitted with the registration statement; nor shall any existing facility continue to operate subsequent to receiving notice that the Department has disapproved the engineering design for that facility. Failure to comply with the requirements of this subsection shall be cause for revocation of an approved registration for an existing facility or the denial of registration for a new installation."