**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2382-15T4

IN THE MATTER OF LANDIS
SEWERAGE AUTHORITY NJPDES
PERMIT NO. NJ0025364-46537

_____

Submitted August 22, 2017 — Decided  September 21, 2017

Before Judges Manahan and Gilson.

On appeal from the New Jersey Department of
Environmental Protection, Division of Water
Quality, NJPDES Permit No. NJ0025364.

Gruccio, Pepper, DeSanto & Ruth, PA, attorneys
for appellant (A. Steven Fabietti, on the
briefs).

Christopher S. Porrino, Attorney General,
attorney for respondent (Melissa H. Raksa,
Assistant Attorney General, of counsel;
Nicolas G. Seminoff, Deputy Attorney General,
on the brief).

PER CURIAM

    Landis Sewerage Authority (Landis) appeals from a January 19,

2016 denial of its requests for administrative hearings concerning

fees assessed by the New Jersey Department of Environmental

Protection (DEP).  The fees related to the 2014 and 2015

assessments imposed under the New Jersey Pollution Discharge

Elimination System (NJPDES) for Landis' operation of its wastewater treatment plant. Having considered the contentions of the parties in light of the record and law, we affirm.

## I.

The DEP regulates the discharge of pollutants to the surface and ground waters of New Jersey under the Water Pollution Control Act (the Act), N.J.S.A. 58:10A-1 to -43. Any entity or person who discharges wastewater in New Jersey is required to obtain an NJPDES discharge permit from the DEP. N.J.A.C. 7:14A-2.4(a).

Landis operates a wastewater treatment plant located in Vineland, New Jersey. As part of its operations, Landis discharges effluent to ground water through 130 acres of spray irrigation fields and 125 acres of infiltration lagoons. In 2014, Landis' facilities were capable of discharging 8.2 million gallons per day. Accordingly, Landis is required to obtain and maintain an NJPDES permit.

The Act authorizes the DEP to "establish and charge reasonable annual administrative fees, which fees shall be based upon, and shall not exceed, the estimated cost of processing, monitoring and administering the NJPDES permits." N.J.S.A. 58:10A-9. The DEP has promulgated regulations governing how it calculates NJPDES permit fees. N.J.A.C. 7:14A-3.1. At the beginning of each fiscal year, the DEP receives an appropriation from the Legislature in

an amount estimated for running the NJPDES program. At the end of the fiscal year, the DEP publishes an annual fee report and assessment of fees representing the total cost for the year's program activities and apportioning those costs among those who discharge wastewater according to the fee calculation rules.

The 2014 and 2015 annual fees were published in the New Jersey Register on March 17, 2014, and March 16, 2015, respectively. Those reports contained lists of the proposed NJPDES permit fees, including the fees for Landis. In each year, there was a one-month comment period following the publication of the fee report. In both years, Landis submitted written comments in opposition to the fees and spoke at the public hearings held by the DEP on April 16, 2014, and April 15, 2015.

On June 19, 2014, the DEP sent Landis an invoice for its fiscal year 2014 fee of $104,667.11, of which $93,267.11 consisted the fee for discharge to ground water. On July 21, 2014, Landis requested a recalculation of the portion of the discharge to ground water fee, but paid $31,128.38, which constituted the uncontested portion of the fee. On September 2, 2014, the DEP rejected Landis' recalculation request. Thereafter, on September 26, 2014, Landis requested a hearing and a stay of its obligation to pay the disputed amount of the fee.

On May 7, 2015, the DEP sent Landis an invoice for its fiscal year 2015 NJPDES permit of $85,319.72, of which $73,919.72 consisted of the fee for discharge to ground water. On May 29, 2015, Landis requested a recalculation of the portion of the fee for discharge to ground water, but paid $56,400, which represented the uncontested portion of the fee. On July 28, 2015, the DEP again rejected Landis' recalculation request. On August 18, 2015, Landis requested a hearing and a stay of its obligation to pay the contested amount of the fee. The DEP agreed to suspend the invoices for the contested fee subject to its evaluation of the request for a hearing.

On January 29, 2016, the DEP denied Landis' 2014 and 2015 administrative hearing requests. In its denial letter, the DEP explained that it had reviewed Landis' 2014 and 2015 comments and testimony in opposition to the fees. The DEP then explained that it had responded to Landis' comments and objections in April 2014, and April 2015. The DEP therefore reasoned that it had correctly applied the rules and fee reports in determining Landis' permit fees in 2014 and 2015. Accordingly, the DEP denied Landis' request for an administrative hearing reasoning that Landis was essentially challenging duly promulgated regulations and not the DEP's application of the regulations. The DEP cited N.J.A.C. 7:14A-17.4(b)(5) for that position.

Landis now appeals from the January 19, 2016 denial of its requests for administrative hearings.

## II.

On this appeal, Landis makes two principal arguments. First, it contends that the DEP misapplied the governing regulations in calculating the NJPDES permit fees for 2014 and 2015. In making that argument, Landis contends that (a) the DEP failed to recalculate the minimum fee since 2007; (b) the DEP failed to use information reported by Landis in calculating Landis' fees; (c) the DEP used inaccurate overhead factors in 2014; and (d) the DEP included uncollected permit fees from prior years in calculating the fees for 2014 and 2015. Landis also contends that because its permit fee increased by over 500% in 2014, it is entitled to an administrative hearing to explore that increase. Second, Landis argues that the DEP failed to provide specific answers to questions raised by Landis and that failure constitutes a violation of procedural due process.

After evaluating Landis' arguments in light of the law, the record, and our scope of review, we reject them for two reasons. Landis is seeking to challenge the 2014 and 2015 NJPDES permit fees. Those fees were adopted as rules, but Landis failed to properly appeal those rules. Second, the objections Landis raise

do not present material facts requiring adjudication at an administrative hearing.

A. The 2014 and 2015 NJPDES Permit Fees

"The New Jersey Administrative Procedure Act (APA), N.J.S.A. 52:14B-1 to -24, 'prescribes the procedure to be followed in the event an administrative hearing is otherwise required by statutory law or constitutional mandate.'" In re NJPDES Permit No. NJ0025241, 185 N.J. 474, 481 (2006) (quoting In re Application of Modern Indus. Waste Serv., Inc., 153 N.J. Super. 232, 237 (App. Div. 1977)). Although the APA establishes the process for an administrative hearing, "the right to an administrative hearing generally must be found outside the APA in another statute or constitutional provision[.]" In re Fanelli, 174 N.J. 165, 172 (2002) (alteration in original) (quoting Christ Hosp. v. Dep't of Health and Senior Servs., 330 N.J. Super. 55, 61 (App. Div. 2000)).

Under N.J.S.A. 58:10A-7, "[a] determination to grant, deny, modify, suspend, or revoke a permit shall constitute a contested case . . . [and] [t]he permittee . . . shall have the opportunity to contest the determination in an administrative hearing." In all other cases, however, "the [DEP], in its discretion, shall decide the extent to which, if at all, the request for an adjudicatory hearing shall be granted." N.J.A.C. 7:14A-17.4. The regulation identifies six enumerated reasons for the DEP to deny

a request for an adjudicatory hearing. Among those reasons is that if "[t]he request challenges duly promulgated regulations and not the [DEP's] application of the regulations," then the DEP "shall deny [the] request for an adjudicatory hearing." N.J.A.C. 7:14A-17.4(b)(5).

Here, the DEP properly applied its regulation in denying Landis' request for an administrative hearing. The regulation gives the DEP the power to decide whether to provide an administrative hearing for matters other than a determination to grant, deny, modify, suspend, or revoke a permit. See N.J.S.A. 58:10A-7. Further, a proceeding involving the amount of permit fees is not adjudicative or quasi-judicial. Instead, it is legislative in nature and thus, in the absence of statutory or regulation requirements, an adjudicative hearing need not be held. See N.J. Builders Assoc. v. Sheeran, 168 N.J. Super. 237, 248 (App. Div.), certif. denied, 81 N.J. 293 (1979); see also N.J.A.C. 7:14A-3.1(b)(3) ("Upon publication of [the] Notice of Adoption in the New Jersey Register, any adopted new or revised minimum fee(s) identified in the Notice of Adoption shall be incorporated into Table III as an administrative change.").

DEP provided notice and gave interested parties, such as Landis, an opportunity to voice their concerns prior to the adoption of the permit fees in 2014 and 2015. Moreover, Landis

actively participated in those meetings and submitted written objections to the fees. The DEP then considered Landis' arguments and submissions, but rejected the objections and adopted the fees. At that point, Landis had forty-five days to object to the adoption of the new permit fees, but it did not do so. See R. 2:4-1(b). As such, the DEP properly exercised its discretion in denying Landis' request for an administrative hearing.

B. The Lack of Material Factual Disputes

"[A] presumption of reasonableness attaches to the action of an administrative agency, and the one who challenges the validity of that action has the burden of showing that it was arbitrary, unreasonable or capricious." Sheeran, supra, 168 N.J. Super. at 250. Administrative hearings "are appropriate when there exist adjudicative facts in dispute." NJPDES Permit No. NJ0025241, supra, 185 N.J. at 486. "[B]ecause a trial is a process for taking evidence, subject to cross-examination, and because taking evidence is not appropriate except on disputed facts, trial procedure is not required on issues of law, policy or discretion." Ibid. (quoting High Horizons Dev. Co. v. Dep't of Transp., 120 N.J. 40, 50 (1990)). Here, Landis failed to carry its burden of showing that there are material facts in dispute.

Landis advances five arguments before us. First, it argues that the DEP had failed to raise the minimum NJPDES permit fee

since 2007, as required by N.J.A.C. 7:14A-3.1(a)(9).  N.J.A.C. 7:14A-3.1(a)(9) sets forth a formula that the DEP must use in calculating the annual fee for all discharges.  The regulation, however, is silent with respect to whether such calculation must be computed annually.  Landis is not challenging the accuracy of the DEP's calculation in 2014 and 2015, instead it is objecting to the application of a specific regulation.  We discern no abuse of DEP's discretion in interpreting the regulation, and there are no adjudicative facts in dispute requiring a hearing.

Second, Landis claims that the DEP failed to utilize its self-reported information in calculating the fee.  In making that argument, Landis relies on N.J.A.C. 7:14A-3.1(a)(7), which states:

> [T]he [DEP], in calculating Environmental Impact, shall use information reported by the permittee on MRFs for the [twelve-month] period for which data is available on the [DEP's] computer. . . . Where this information is not available, the [DEP] shall use permit limitations, information submitted in permit applications, technical reports prepared by the [DEP].

N.J.A.C. 7:14A-3.1(a)(7) applies to "the general conditions and applicability of the fee schedule for NJPDES permittees and applicants."  Here, Landis is not challenging the general conditions, but instead the fee for discharges to ground water.  The calculation for annual fee for ground water is set forth in N.J.A.C. 7:14A-3.1(d).  Landis is not disputing that any of the

values used in calculating the fees are wrong. As such, there are no material facts in dispute with respect to the fees for ground water discharges.

Next, Landis contends that the DEP used an incorrect overhead factor in 2014, which included an allegedly inaccurate fringe benefit cost. Specifically, Landis argues that the 2014 fringe benefit cost failed to reflect a change in the New Jersey state budget. Fringe benefit cost impacts the cost per hour in calculating minimum fees. N.J.A.C. 7:14A-3.1(a)(9)(iii). As we have stated previously, the DEP is not required to calculate the minimum fee on an annual basis. As such, there was no need for an administrative hearing on this issue.

Landis then argues that the DEP incorrectly used uncollected permit fees in 2014 and 2015 in its fee calculations. The 2014 and 2015 annual reports provided a clear breakdown of all factors used in calculating the permit fees, and uncollected fees were not part of that breakdown. Landis failed to specify how and where those uncollected fees were used in calculating the 2014 and 2015 fees. As such, we conclude that Landis failed to present sufficient evidence to support its allegation that there are material facts in dispute as to whether the DEP used uncollected fees in its fee calculations.

10

Lastly, Landis claims that an adjudicative hearing is necessary because its permit fee increased by over 500% in 2014, and it has no other recourse to contest the drastic increase in permit fee. We have explained that Landis had forty-five days after the publication of the annual fee report to challenge the adoption of the fee and the data used to calculate that fee. Further, in both 2014 and 2015, Landis requested a recalculation of its permit fee. Landis took advantage of all available opportunities and exhausted all of its remedies within the administrative process. As such, we reject Landis' argument that an adjudicative hearing is its only recourse to voice its concern.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2382-15T4