229 N.J. Super. 318 (1988)
551 A.2d 547
THE HILLS DEVELOPMENT CO., PLAINTIFF-RESPONDENT,
v.
THE TOWNSHIP OF BERNARDS, DEFENDANT-RESPONDENT.
CYRUS VANCE, GRACE VANCE, PERCY PYNE, III, EVELYN PYNE, FRANCIS PRATT, II, AND SALLY PRATT, APPELLANTS,
v.
TOWNSHIP COMMITTEE OF TOWNSHIP OF BERNARDS, PLANNING BOARD OF BERNARDS TOWNSHIP, AND HILLS DEVELOPMENT COMPANY, A JOINT VENTURE OF THE ALLEN-DEANE CORPORATION AND LIGUNE, INC., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 21, 1988.
Decided December 19, 1988.
*321 Before Judges PETRELLA, SHEBELL and LANDAU.
Fox, Rothschild, O'Brien & Frankel, attorneys for the appellants (Mark L. First, of counsel; Eileen P. Kelly, on the brief).
Guliet D. Hirsch, attorney for the respondent The Hills Development Co.
Schenck, Price, Smith & King, attorneys for the respondent Township of Bernards (Howard P. Shaw and Jeanne Ann McManus, on the brief).
Kerby, Cooper, English, Schaul & Garvin, attorneys for the respondent Planning Board of Bernards Township (Arthur H. Garvin, III, on the brief).
W. Cary Edwards, Attorney General, attorney for Council on Affordable Housing (James J. Ciancia, Assistant Attorney General, of counsel; Geraldine Callahan, Deputy Attorney General, on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Appellants Cyrus Vance, Grace Vance, Percy Pyne, III, Evelyn Pyne, Francis Pratt, II, and Sally Pratt appeal from a resolution of the Council on Affordable Housing (Council) granting substantive certification of the housing elements and ordinances of the Township of Bernards. In Hills Dev. Co. v. *322 Bernards Tp. in Somerset Cty., 103 N.J. 1 (1986), our Supreme Court found the Fair Housing Act (N.J.S.A. 52:27D-301 et seq.) to be constitutional, and ordered that those cases then pending before the court be transferred to the Council. Id. 103 N.J. at 25.
Under the Fair Housing Act, any municipality may petition the Council for "substantive certification" of the housing element and ordinances. N.J.S.A. 52:27D-313, see Hills Dev. Co., 103 N.J. at 33. The municipality must file a resolution of participation, and then a housing element, and "any fair share housing ordinance introduced and given first reading and second reading in a hearing pursuant to R.S. 40:49-2 which implements the housing element," N.J.S.A. 52:27D-309(a). The Township of Bernards notified the Council by letter dated September 3, 1986 that it sought to secure substantive certification through participation in the administrative process.
On December 2, 1986, the Planning Board of the Township of Bernards held an open meeting on the proposed housing element of the Bernards Township Master Plan. Appellants had the opportunity to speak at the December 2, 1986 meeting. The meeting had originally been scheduled for December 3, 1986 by notice published on November 25. Notice of the December 2 meeting was published on November 27, 1986 by an administrative assistant unfamiliar with the 10-day notice requirement of N.J.S.A. 40:55D-13(1).
Notice of the township's petition for substantive certification was published on January 1, 1987, pursuant to N.J.S.A. 52:27D-313 and N.J.A.C. 5:91-4.3. The Township of Bernards Housing Plan Element/Fair Share Plan, dated January 5, 1987, was submitted on that date to the Council. Attached as appendices to the element were Bernards Township Ordinance No. 704, apparently adopted in 1984 to address the mandates of So. Burlington Cty. NAACP v. Mt. Laurel Tp., 92 N.J. 158 (1983) (Mount Laurel II), and Ordinance No. 764A, adopted on April 6, 1986, to address the mandates of the Fair Housing Act.
*323 A hearing on the contents of a proposed settlement agreement between Bernards Township and Hills Development Co. (Hills) resolving the disputes between the parties in Hills Dev. Co. v. Bernards Tp. in Somerset Cty. was held on January 26, 1987. The hearing was originally duly noticed for January 22, but was cancelled due to a snowstorm and rescheduled for January 26. Notice was sent out on January 22, and appellants spoke on the proposed settlement agreement at the January 26 meeting. The township committee voted to approve the proposed settlement agreement. A copy of the settlement agreement was sent to the Council and all "interested parties" by the township on February 5, 1987.
Appellants notified the Council of their objections to the township's petition for substantive certification in a letter dated February 19, 1987. One of the objections raised by appellants was the lack of statutorily-mandated notice of the December 2, 1986 planning board meeting at which the housing element was adopted. Appellants also contended that the settlement agreement was part of the housing element, and thus the housing element was incomplete when adopted because it did not include the settlement agreement. Appellants submitted a Planner's Report in support of their contentions. The Council notified the township by letter dated February 19, 1987, that an objection had been filed and that the dispute would be submitted to mediation. The first mediation meeting was scheduled for March 13, 1987. The Council mediator requested a representative of Hills to attend as an "information source" to the mediator.
On March 5, 1987, Hills filed with the Council a notice of motion pursuant to N.J.A.C. 5:91-7.2(d), requesting an order "requiring the mediation process to terminate and review for substantive certification purposes to commence." The notice of motion requested oral argument and was accompanied by a letter brief. Upon learning that oral argument could not be scheduled until mid-to-late April 1987, Hills submitted a letter to the Council to advise on its position on the pending motion.
*324 On March 12, 1987, appellants filed a verified complaint in lieu of prerogative writ in the Superior Court of New Jersey, Law Division, Somerset County, against the Bernards Township Committee and Planning Board, and Hills. The complaint requested that the Bernards Township Housing Plan Element and Settlement with Hills be declared invalid and void, and that temporary, interlocutory and permanent injunctive relief be granted against defendants from conducting hearings on applications for development on the Hills' property. That same day, the trial court issued an order to show cause, with a return date of March 27, 1987. The trial court on July 27, 1987 ordered upon motion by Hills, that the "entire complaint" be transferred to the Council on Affordable Housing.
The Council on Affordable Housing determined in its May 4, 1987 opinion on Hills' motion that the objectors had raised objections which were proper subjects for mediation. The Council found that while Hills was neither an objector nor an intervenor, the motion was properly before the Council because Bernards Township, which joined in the motion, had standing. The Council denied the Hills/Bernards' motion to disregard mediation in reviewing the Township of Bernards' petition for substantive certification.
Mediation was concluded on April 20, 1987, and the mediator issued his report on that date. The mediator noted,
the objectors raise procedural and substantive objections. Procedurally, the objectors indicate that the Township housing element was improperly adopted and, therefore, the Council should not accept it. In the event the Council chooses to accept the housing element, they argue that the 45 day objector period should be extended. These procedural objections were not a subject of mediation.
The mediator's recommendation stated,
The key issue of this case is if this site conforms to the Council's definition of available, suitable, developable and approvable. (I will not repeat these definitions here). The objectors have provided no mapping or evidence to indicate that the Hills site does not conform to the Council's rules. The staff is continuing its review of all the designated inclusionary sites proposed by Bernards Township and will report to the Council at a later date.

*325 As mediation progressed most of the issues under discussion involved municipal subdivision and site plan decisions that in my opinion are not crucial to the Township's petition for certification. In addition, the decision to include or exclude the objectors from a sewer franchise area seems clearly a municipal decision that would be more appropriately challenged before another forum.
There have been procedural objections to Bernards Township's petition for certification. I will defer to the Council's representatives from the Attorney General's office to advise you regarding these objections.
In summary, I do not see the failure to resolve any of the issues raised during mediation as an impediment to the Township's petition. I, therefore, recommend that Bernards proceed towards substantive certification subject to conditions the Council may wish to impose after reviewing the staff report.
On May 28, 1987, the Bernards Township Planning Board held a second open meeting on the amendment to the housing plan element. Notice for this meeting was given on May 13, 1987.
On August 3, 1987, the Council denied the appellants' request to deny substantive certification and to require Bernards to begin the substantive certification process as of the date of Bernards' readoption of its housing element by the Planning Board. In its opinion the Council noted that the trial court, in transferring the appellants' complaint to the Council, had ruled that the Council had jurisdiction to rule on the alleged procedural deficiencies. The Council found that the settlement agreement was not a part of the housing element, and thus the post-January 5, 1987 execution of the settlement did not invalidate the housing element. The Council also found that under the Open Public Meetings Act, N.J.S.A. 10:4-6 et. seq., the township was entitled to hold negotiations and discussions regarding the settlement in private, as the settlement involved pending litigation.
The Council also found that the township "cured" its defective notice of the December 2, 1986 public hearing through the properly noticed May 28, 1987 meeting. The Council asserted that rejecting the township's housing element and requiring readoption would cause undue delay, and that denying substantive certification would result in jurisdiction reverting to the court, pursuant to N.J.S.A. 52:27D-316, 318.
*326 On September 8, 1987, the Council issued a resolution granting substantive certification of the Bernards Township housing element and Fair Share Plan dated January 5, 1987. On October 13, 1987, the township committee adopted Ordinance No. 827, which implemented the contents of the Township/Hills' settlement agreement. Notice of the October 13 meeting was given on September 24, 1987.

I.
Appellants contend that inadequate notice was given for the public hearing at which the housing element was adopted, and therefore the element as submitted to the Council was a nullity. Appellants reason that in order for a housing element to be submitted to the Council, it must first be adopted by the municipality pursuant to the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., and that failure to properly adopt the housing element "means that the documents submitted to COAH on January 5, 1987 did not reflect valid municipal action." Respondents contend that, for purposes of filing with the Council, a housing element need only be prepared, and adoption is unnecessary.
N.J.S.A. 40:55D-13 provides, in relevant part,
The planning board shall give:
(1) Public notice of a hearing on adoption, revision or amendment of the master plan; such notice shall be given by publication in the official newspaper of the municipality, if there be one, or in a newspaper of general circulation in the municipality at least 10 days prior to the date of the hearing....
The Bernards Township Committee held a meeting on December 2, 1986, at which the township housing element was adopted. The meeting scheduled for December 3, 1986, had only eight days' prior notice and the December 2 meeting was held on only five days prior notice. The Township of Bernards housing element was submitted to the Council on Affordable Housing on January 5, 1987. After being alerted to the possible consequences if the December 2 adoption was invalid, the township committee held an open meeting on May 28, 1987 to *327 adopt the housing element. Notice for this meeting was made on May 13, 1987.
It is uncontested that the notice of the December 2 meeting did not conform with the ten-day notice requirement of N.J.S.A. 40:55D-13(1). Appellants and respondents cite numerous sections of the Municipal Land Use Law (N.J.S.A. 40:55D-1 et seq.) and the Fair Housing Act (N.J.S.A. 52:27D-301 et seq.) in support of their conflicting positions.
N.J.S.A. 52:27D-309 provides, in relevant part,
a. Within four months after the effective date of this act, each municipality which so elects shall, by a duly adopted resolution of participation, notify the council of its intent to submit to the council its fair share housing plan. Within five months after the council's adoption of its criteria and guidelines, the municipality shall prepare and file with the council a housing element, based on the council's criteria and guidelines, and any fair share housing ordinance introduced and given first reading and second reading in a hearing pursuant to R.S. 40:49-2 which implements the housing element. [Emphasis supplied].
N.J.S.A. 52:27D-311 provides, in relevant part,
a. In adopting its housing element, the municipality may provide for its fair share of low and moderate income housing by means of any technique or combination of techniques which provide a realistic opportunity for the provision of the fair share. The housing element shall contain an analysis demonstrating that it will provide such a realistic opportunity, and the municipality shall establish that its land use and other relevant ordinances have been revised to incorporate the provisions for low and moderate income housing. In preparing the housing element, the municipality shall consider the following techniques for providing low and moderate income housing within the municipality, as well as such other techniques as may be published by the council or proposed by the municipality.... [Emphasis supplied].
The Council here contends that the above language "likens adoption of the housing element to revision of the zoning ordinances, a step which occurs at the end of the process rather than the beginning." Appellants contend that "[i]t is difficult to see how the State can characterize N.J.S.A. 52:27D-311 as separating the functions of adoption and preparation by virtue of the fact that it refers to both in the same paragraph. (Citation omitted). Rather, the inference appears to be the opposite."
*328 N.J.S.A. 52:27D-314 requires the Council to review the municipality's housing element petition. The statute further states, "[o]nce substantive certification is granted, the municipality shall have 45 days in which to adopt its fair share housing ordinance approved by the council." The "housing element" as required by the Council is to be a provision of the municipality's master plan. N.J.S.A. 40:55D-28(b)(3). The Municipal Land Use Law states, in reference to the master plan, "[t]he planning board may prepare and, after public hearing, adopt or amend a master plan or component parts thereof...." N.J.S.A. 40:55D-28(a).
Bernards Township Ordinance 827, adopted on October 13, 1987, implemented the housing element and the contents of the Bernards Township/Hills settlement agreement. Attached as an appendix to its housing element submitted to the Council, the township included a copy of Ordinance No. 704, its then "current" Mount Laurel ordinance. The township noted in the text of the housing element, "Ordinance 704 (Appendix B) amended the Township's Land Use Ordinance to provide for mandatory set-asides, density bonuses, and cost cutting measures. In order to implement the proposed settlement with Hills Development, as well as ensure compliance with the latest Council on Affordable Housing regulations, further amendments are needed." The element then listed the amendments to be made. Submission of the ordinance was required pursuant to N.J.S.A. 52:27D-309(a), which states, "[w]ithin five months after the council's adoption of its criteria and guidelines, the municipality shall prepare and file with the council a housing element ... and any fair share housing ordinance introduced and given first reading and second reading in a hearing pursuant to R.S. 40:49-2 which implements the housing element." (Emphasis supplied). Ordinance 704 had been adopted by the township in 1984 to address the mandates of Mount Laurel II.
The Bernards Township housing element was granted substantive certification on September 8, 1987. The township *329 committee adopted Ordinance 827 on October 13, 1987, 35 days later, thereby complying with N.J.S.A. 52:27D-314.
Municipal Land Use Law requires that the ordinance be adopted "after the planning board has adopted the land use plan element and the housing plan element of a master plan...." N.J.S.A. 40:55D-62. This provision was complied with, as the housing element was validly adopted on May 28, 1987, and the ordinance was passed on October 13, 1987. While N.J.S.A. 40:55D-13 requires that ten days' notice be given for adoption of a master plan amendment, there is no requirement that the housing element submitted to the Council be adopted prior to submission.
The Administrative Code states,
A municipality which files a resolution of participation under this subchapter shall, within five months after the Council's promulgation of its substantive criteria and guidelines, file with the Council and serve upon any interested party which has so requested, the municipality's proposed housing element and fair share plan, as well as any fair share housing ordinance introduced and given first reading and second reading in a hearing pursuant to N.J.S.A. 40:49-2 which implements the housing element. [N.J.A.C. 5:91-3.1(f), emphasis supplied].
It was anticipated by the Council that a housing element might be submitted in a "proposed" form, and not yet adopted. "[A]n administrative agency's interpretation of a statute it is charged with enforcing is entitled to substantial weight." Matter of Board of Educ. of Town of Boonton, 99 N.J. 523, 534 (1985), cert. den. 475 U.S. 1072, 106 S.Ct. 1388, 89 L.Ed.2d 613 (1986), citing New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 575 (1978); In re Application of Saddle River, 71 N.J. 14, 24 (1976). "Deference to an administrative agency is particularly appropriate where ... new and innovative legislation is being put into practice." Newark Firemen's Mut. Benev. Ass'n. v. Newark, 90 N.J. 44, 55 (1982).
The township committee validly adopted the housing element on May 28, 1987 at a properly-noticed open meeting. The Master Plan was therefore validly amended pursuant to N.J.S.A. 40:55D-13. As the housing element is not required to be *330 adopted prior to submission to the Council, the fact that the element was adopted subsequent to submission did not affect the validity of the element before the Council.

II.
Appellants argue that the settlement agreement is part of the township housing element, and as the settlement agreement was not formally executed until January 26, 1987, approximately three weeks after submission of the housing element to the Council, the element as submitted was incomplete and invalid. If appellants are correct and Bernards Township had not filed a valid housing element with the Council by January 5, 1987, "the obligation to exhaust administrative remedies" would automatically have expired. See N.J.S.A. 52:27D-316, 318; N.J.A.C. 5:91-3.3.
N.J.S.A. 52:27D-310 states,
A municipality's housing element shall be designed to achieve the goal of access to affordable housing to meet present and prospective housing needs, with particular attention to low and moderate income housing, and shall contain at least:

a. An inventory of the municipality's housing stock by age, condition, purchase or rental value, occupancy characteristics, and type, including the number of units affordable to low and moderate income households and substandard housing capable of being rehabilitated, and in conducting this inventory the municipality shall have access, on a confidential basis for the sole purpose of conducting the inventory, to all necessary property tax assessment records and information in the assessor's office, including but not limited to the property record cards;
b. A projection of the municipality's housing stock, including the probable future construction of low and moderate income housing, for the next six years, taking into account, but not necessarily limited to, construction permits issued, approvals of applications for development and probable residential development of lands;
c. An analysis of the municipality's demographic characteristics, including but not necessarily limited to, household size, income level and age;
d. An analysis of the existing and probable future employment characteristics of the municipality;
e. A determination of the municipality's present and prospective fair share for low and moderate income housing and its capacity to accommodate its present and prospective housing needs, including its fair share for low and moderate income housing; and

*331 f. A consideration of the lands that are most appropriate for construction of low and moderate income housing and of the existing structures most appropriate for conversion to, or rehabilitation for, low and moderate income housing, including a consideration of lands of developers who have expressed a commitment to provide low and moderate income housing. [Emphasis supplied].
The statutory language does not require that an agreement with a developer of Mount Laurel units be included in the housing element.
Nor is the settlement agreement or its contents required pursuant to the Council's rules, N.J.A.C. 5:91-3.1(f). The Code requires inclusion in the element "[d]ocumentation of all efforts at premediation with potential objectors or interested parties, all efforts at premediation conferences with the Council, and all public hearings undertaken in the development of the municipality's proposed housing element and fair share plan." N.J.A.C. 5:91-3.1(f)(5). The element submitted by the township served to notify the Council of the ongoing settlement conferences with Hills, thereby fulfilling the requirement of the Code. The Council's determination that inclusion of the settlement agreement into the housing element is not required for the element to be "consistent with the rules and criteria adopted by COAH [Council]" should be given deference. See Matter of Board of Educ. of Town of Boonton, 99 N.J. at 534; Newark Firemen's Mut. Benev. Ass'n. v. Newark, 90 N.J. at 55. The Council stated in its resolution granting substantive certification that it had "reviewed Bernards Township's petition for substantive certification to determine whether it is consistent with the rules and criteria adopted by [the Council] and the achievement of low and moderate income housing needs of the region...."
Ordinance 827, adopted by the township on October 13, 1987 after proper notice, implemented the contents of the settlement agreement between the township and Hills. Bernards Township submitted with its housing element a copy of Ordinance 704, adopted by the township in 1984 to comply with the mandates of Mount Laurel II. The housing element stated, "[i]n order to implement the proposed settlement with Hills *332 Development, as well as ensure compliance with the latest Council on Affordable Housing regulations, further amendments are needed." The element then listed the changes to be made.
N.J.S.A. 52:27D-314 provides,
[i]n conducting its review, the council may meet with the municipality and may deny the petition or condition its certification upon changes in the element or ordinances....
Once substantive certification is granted, the municipality shall have 45 days in which to adopt its fair share housing ordinance approved by the council.
In granting substantive certification of Bernards' housing element, the Council provided that the township's "fair share housing ordinance" be adopted within 45 days, and that a certified copy of the adopted ordinance be provided to the Council. The settlement agreement thus constituted not part of the housing element, but proposed amendments to Bernards' fair share Ordinance 704, which were not required to be submitted with the housing element.
The proper forum for appellants' objections to the settlement agreement was the open meeting at which the ordinance enacting the contents of the settlement agreement was adopted. Any due process concerns relating to notice and an opportunity to be heard are met, as appellants had an opportunity to be heard at a properly-noticed meeting on January 26, at which the settlement agreement was approved, and at the properly-noticed October 13 meeting at which the ordinance containing provisions of the settlement agreement was adopted. See N.J.S.A. 40:49-2.

III.
Appellants assert that the settlement agreement between Bernards Township and Hills was developed in closed meetings, in violation of the Open Public Meetings Act, N.J.S.A. 10:4-6 et seq.
N.J.S.A. 10:4-12 provides, "[e]xcept as provided by subsection b. of this section all meetings of public bodies shall be open *333 to the public at all times." One of the "subsection b." exceptions to the open meeting requirement is "[a]ny pending or anticipated litigation or contract negotiation ... in which the public body is, or may become a party." N.J.S.A. 10:4-12(b)(7). A meeting "means and includes any gathering ... which is attended by, or open to, all of the members of a public body, held with the intent, on the part of the members of the body present, to discuss or act as a unit upon the specific public business of that body. Meeting does not mean or include any such gathering ... attended by less than an effective majority of the members of a public body...." N.J.S.A. 10:4-8(b).
Although it appears that a quorum was present at the township committee meetings, and thus the Open Public Meetings Act is applicable, (see N.J.S.A. 10:4-8(b)), we need not decide this issue. (See also N.J.S.A. 10:4-11 which provides, "[n]o person or public body shall fail to invite a portion of its members to a meeting for the purpose of circumventing the provisions of this act.")
We have determined that the meetings are excluded from applicability of the act pursuant to the litigation exception. Exceptions to the open public meeting requirement must be strictly construed to realize the broad public policy as set forth in the act. Polillo v. Deane, 74 N.J. 562, 578 (1977); Accardi v. Mayor & Coun. of No. Wildwood, 145 N.J. Super. 532, 543 (Law Div. 1976). The fact that an action of the public body can be appealed is not sufficient to establish that the action was "in anticipation of litigation," Accardi, 145 N.J. Super. at 542. Here, however, the Council on Affordable Housing is acting in the present case in a quasi -judicial capacity. See Handlon v. Town of Belleville, 4 N.J. 99, 105 (1950). In addition, if the township's housing element was not submitted by January 5, 1988, jurisdiction of the dispute with Hills would revert to the courts, making future, "anticipated" litigation likely. (See N.J.S.A. 52:27D-316, 318; N.J.A.C. 5:91-3.3). Thus, the transfer of Hills Dev. Co. v. Bernards Tp. in *334 Somerset Cty. to the Council on Affordable Housing did not end the litigation process. As the dispute was still in litigation, the closed township committee meetings at which the settlement agreement was discussed did not violate the Open Public Meetings Act.

IV.
Appellants contend that due process dictates that a judicial-type hearing be held asserting that factual issues exist as to the suitability of the Hills site for Mount Laurel housing, including the impact of development on wetlands, traffic, and patterns of development. Respondent Hills maintains that "[w]here a party is not able to present affidavits or reports which reflect genuine issues of material fact, the need for a plenary hearing does not exist," citing Cunningham v. Dept. of Civil Service, 69 N.J. 13, 25 (1975), and Lavitz v. Civil Serv. Comm., 94 N.J. Super. 260, 266 (App.Div. 1967).
Appellants must show, in addition to contested factual issues, "particularized property rights or other special interests," Cedar Grove v. Sheridan, 209 N.J. Super. 267, 275 (App.Div.), certif. den. 104 N.J. 464 (1986), in order to have a constitutional right to a hearing. Respondent Council contends that appellants do not have such a property right, citing Normandy Beach v. Environ. Protection Dep't. Com'r., 193 N.J. Super. 57 (App.Div. 1983), certif. den. 96 N.J. 305 (1984).
Normandy Beach, however, did not address the parties' constitutional right to a hearing, but rather the statutory right to a hearing pursuant to the Coastal Area Facility Review Act. The court found that the hearing plaintiffs received was in "full compliance" with the act's mandate. Id. 193 N.J. Super. at 63. "It is beyond question that any procedure which deprives an individual of a property interest must conform to the dictates of the Due Process Clause." Township of Montville v. Block 69, Lot 10, 74 N.J. 1, 8 (1977). "It is not merely the absolute act of a taking by the State that constitutes a violation of the Fourteenth *335 Amendment in this area. A regulation which deprives an owner of `all or most of his interest' is also condemned as an unreasonable exercise of the police power." Sabato v. Sabato, 135 N.J. Super. 158, 173 (Law Div. 1975), partially overruled on other grounds 170 N.J. Super. 572 (App.Div. 1979).
However, "[t]he rights inherent in private ownership of property must under certain circumstances and to some degree give way to the greater interest and good of the public." Dock Watch Hollow Quarry Pit v. Tp. of Warren, 142 N.J. Super. 103, 125 (App.Div. 1976), aff'd 74 N.J. 312 (1977). The fact that some financial injury may be suffered by property owners does not, by itself, signal the invasion of a right protected by due process. David v. Vesta Co., 81 N.J. Super. 593, 604 (Cty.Ct. 1963), rev'd on other grounds 45 N.J. 301 (1965). "Private property rights and the need for correction of public detriment are competing interests which must be weighed." Ibid.
The rezoning of the property adjoining that of appellants for Mount Laurel units does not constitute a taking of property of constitutional proportions for the reason that the action does not deprive appellants of all or most of their interest in their property. Sabato, supra; see MacDonald, Sommer & Frates v. County of Yolo et al., 477 U.S. 340, 352-53, 106 S.Ct. 2561, 91 L.Ed.2d 285, reh'g den. 478 U.S. 1035, 107 S.Ct. 22, 92 L.Ed.2d 773 (1986). Cf. First Lutheran Church v. Los Angeles County, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). "[T]he power of a municipality to plan for the future is part of the police power. The adoption of maps and/or reports, commonly called a `master plan,' does not result in a `taking' of property in violation of our Federal and State Constitutions." Cochran v. Planning Bd. of Summit, 87 N.J. Super. 526, 538 (Law Div. 1965). Appellants are thus not entitled to a hearing on constitutional grounds, as the amendment of Bernards Township's master plan to provide for Mount Laurel units does not constitute a taking of property.

*336 V.
Appellants contend that the Planner's Report submitted by appellants raised issues which constituted by statute contested items requiring a hearing by the Office of Administrative Law (OAL), pursuant to N.J.S.A. 52:27D-315. Specifically, appellants point to the questions of the number of indigenous need units, and site suitability. Respondent Council on Affordable Housing in its brief states,
[t]he objectors interpret N.J.S.A. 52:27D-315(c) so as to require every unresolved objection, regardless of whether it raises disputed facts or implicates noncompliance with the statutory or regulatory requirements of the Act, to be transmitted to the OAL. Such an interpretation is incorrect and, in fact, causes an unreasonable result by requiring the Council to transfer matters for an evidentiary hearing when there are no disputed facts or when the issues are not relevant to the Council's ability to act on a petition for substantive certification.
Respondent Hills contends that an OAL hearing is not required, as the issues raised by appellants do not pose questions of site suitability under the Fair Housing Act or Council regulations (N.J.A.C. 5:92-1.1 et seq.), and that appellants' objections raised no genuine issues of material fact.
The Fair Housing Act (N.J.S.A. 52:27D-301 et seq.) provides,
a. The council shall engage in a mediation and review process in the following situations: (1) if an objection to the municipality's petition for substantive certification is filed with the council within the time specified in section 14 of this act, or (2) if a request for mediation and review is made pursuant to section 16 of this act.
b. In cases in which an objection is filed to substantive certification the council shall meet with the municipality and the objectors and attempt to mediate a resolution of the dispute. If the mediation is successful, the council shall issue a substantive certification if it finds that the criteria of section 14 of this act have been met.
c. If the mediation efforts are unsuccessful, the matter shall be transferred to the Office of Administrative Law as a contested case as defined in the "Administrative Procedure Act," P.L. 1968, c. 410 (C. 52:14B-1 et seq.). [N.J.S.A. 52:27D-315; footnotes omitted].
The Administrative Procedure Act defines a "contested case" as "a proceeding, including any licensing proceeding, in which the legal rights, duties, obligations, privileges, benefits or other legal relations of specific parties are required by constitutional right or by statute to be determined by an agency by decisions, *337 determinations, or orders, addressed to them or disposing of their interests, after opportunity for an agency hearing...." N.J.S.A. 52:14B-2(b).
The Council has authority, pursuant to N.J.S.A. 52:27D-307, to adopt substantive rules regarding municipal fair share housing. See N.J.A.C. 5:92-1.1 et seq. The Council has defined a "suitable site" as one "that is adjacent to compatible land uses, has access to appropriate streets and is consistent with the environmental policies delineated in Subchapter 8, Municipal Adjustments." N.J.A.C. 5:92-1.3. Subchapter 8 of the Council's substantive rules provides "the criteria by which a municipal fair share may be adjusted," N.J.A.C. 5:92-8.1, and also for the exclusion of certain environmentally sensitive lands (N.J.A.C. 5:92-8.2), and the preservation of recreation, conservation and open space areas (N.J.A.C. 5:92-8.3). Bernards Township did not request an adjustment of its fair share.
The Planner's Report raises the issues of access to appropriate streets and relevant environmental policies. It states,
[t]he Circulation Plan Element identified most roadways which service this site (Layton Road, Somerville Road, Mount Prospect Road) as needing reconstruction and drainage improvements, at a time when traffic volumes were extremely low. The settlement agreement acknowledges that off tract improvement fees are to be collected ($1,000/unit) but does not identify needed improvements or their expected cost. Thus, it is difficult to determine whether all needed improvements can be provided.
....
The Circulation Plan also recognizes the need for a new roadway extension of Somerville Road to Mount Airy Road, without which "traffic volumes at the intersection of Lyons Road and Church Street will exceed capacity and severely impact Liberty Corner." The proposed development will further impact this traffic situation.
The report also raises environmental concerns regarding flood plains and wetlands, stating,
Figure 3 "Environmental Constraints Map" indicates that significant portions of the Hills tract are constrained by flood plains and wetlands. In response to these constraints and the absence of sewerage infrastructure, the eastern portion of the Hills tract was included in the "limited growth residential" (0.5 *338 DU/AC) district, while the western portion of the Hills tract was included in the "residential" district (2 DU/AC with sewerage).
The settlement agreement proposes an increase in density to 1.1 DU/AC in portions of the limited growth district, more than doubling the 0.5 DU/AC recommended in the Master Plan. In fact, the area in which this increased density is proposed coincides with most of the wetlands found on the Hills tract, raising questions about the ability of the developer to provide adequate wetland buffers to mitigate water quality impacts associated with development.
The report further states that "[t]he housing element does not address the 33 unit indigenous need component with any program designed to rehabilitate existing substandard units, but rather proposes the use of inclusionary development to meet the entire lower income housing need." Appellants maintain that "Bernards Township, as a political expediency, selected the Hills' site rather than doing the comprehensive planning necessary to determine the most appropriate sites for Mt. Laurel housing." See N.J.A.C. 5:92-1.4(a)(6). The issues raised by appellants go to the question of "site suitability" and fulfillment of Bernards Township's fair share requirement, and are thus relevant to the Council's ability to act on a petition for substantive certification. (See N.J.S.A. 52:27D-314).
Respondents Bernards Township and Township Planning Board assert that, as appellants' submissions "were devoid of proposed modifications which would allegedly bring the housing element into compliance with the Fair Housing Act and COAH's rules, while still satisfying Bernards' fair share obligation," the submissions were inadequate to qualify as "objections" under the act and the rules. See N.J.A.C. 5:91-5.1(a)(4).
Appellants' "proposed modifications" were presented in the Planner's Report. To alleviate the environmental problems it claims are inherent in the housing element, the report suggested the use of the "area between Douglas and Layton Roads," which "is not encumbered by the environmental constraints" as found in the Hills property.
Respondents urge that there are no disputes of fact, that the Hills site meets all Council specifications, and thus no evidentiary hearing is required. Appellants argue that the Hills site *339 does not have access to appropriate streets, is inconsistent with Council environmental policies, and does not provide for Bernards Township's 33 indigenous needs units. These are clearly genuine issues of material fact. (See Cunningham v. Dept. of Civil Service, 69 N.J. at 25). We recognize that respondents stress that "appellants failed to produce any evidence during mediation to factually support their allegations against Bernards' housing element." However, the Planner's Report was submitted with appellants' initial objection, dated February 19, 1987, and thus was available when the mediator prepared his report. Further, the mediation was not an evidentiary-type hearing.
In any event we conclude that where there are disputed facts underlying the controversy, and the applicant has the necessary proprietary or special interest, the agency is under an obligation to afford the affected parties a hearing. Cunningham v. Dept. of Civil Service, 69 N.J. at 18-19. See also Bally Mfg. Corp. v. N.J. Casino Control Comm'n., 85 N.J. 325, 333, app. dism. 454 U.S. 804, 102 S.Ct. 77, 70 L.Ed.2d 74 (1981); In re Solid Waste Util. Cust. Lists, 106 N.J. 508, 517 (1987).
The Cunningham Court stated,
The crucial questions are whether the fact finding involves a certain person or persons whose rights will be directly affected, and whether the subject matter at issue is susceptible to the receipt of evidence. The nature of the factual inquiries may be dispositive or assist in the disposition of the issue. A question posed in terms of general policy may clearly fall in the "no hearing" category....
Where the administrative agency is acting in a general capacity, such as rule making, so that the direct effect of its factual conclusions will be imposed on a class or group, as distinguished from some specific person or persons, then it may well be that such a hearing is not required. [Citation omitted].... [T]he promulgation by the Civil Service Commission of testing standards would not necessitate a hearing before the Commission on the propriety of these standards. Yet the refusal to permit an individual to take the examination may warrant an administrative hearing. [Citation omitted].

*340 ....
Contested factual issues which may be presented in an evidential manner in proceedings which are targeted at a person satisfy the first prerequisite for a hearing. B. Schwartz, American Administrative Law at 108-109 (2d ed. 1962). In such cases adjudicative, as opposed to legislative, facts will usually be at issue. The second prerequisite is that the party affected by the administrative action have a safeguarded interest. Particularized property rights or other special interests must exist. [69 N.J. at 22-24; citations omitted; footnote omitted].
The Council in the present case is acting principally in an adjudicative, not a rulemaking, capacity. Appellants' property rights, while they may not be of constitutional proportions, are sufficiently particularized, as appellants' properties are located adjacent to the Hills site. Cf. Normandy Beach v. Environ. Protection Dep't. Com'r., 193 N.J. Super. at 61-62.
Appellants have presented the Planner's Report of Francis Banisch, PP/AICP which, as noted, raised specific issues. Further, Evelyn S. Pyne and Percy Pyne, III, have sworn that "sites other than the Hills' property were not adequately considered for Mt. Laurel housing; the adverse impacts on Bernards Township of the development of the Hills' property were not adequately considered...." Thus, appellants have satisfied the threshold requirements for a plenary hearing as set forth in Cunningham, 69 N.J. at 25. Appellants are therefore "entitled to a hearing as a matter of fundamental fairness and administrative due process." Cunningham, 69 N.J. at 26.
It is appellants' position that the dispute must be presented to the OAL as a contested case, pursuant to N.J.S.A. 52:27D-315, which provides, "[i]f the mediation efforts are unsuccessful, the matter shall be transferred to the Office of Administrative Law as a contested case...." Appellants urge that despite provisions in the Administrative Code which give an administrative agency the right to determine whether a case is contested, an evidentiary hearing before the OAL is mandated. They urge that "the mandatory nature of the word `shall' cannot be overridden by a mere regulation," even though "COAH [Council], through its regulations, grants itself the *341 discretion to `determine whether to refer the matter to the Office of Administrative Law (OAL) for resolution as a contested case.'" N.J.A.C. 5:91-8.1(a).
Where there exists reasonable doubt as to whether power is vested in an administrative body, the power is denied. In re Jamesburg High School Closing, 83 N.J. 540, 549 (1980). "Administrative regulations ... cannot alter the terms of a legislative enactment or frustrate the policy embodied in the statute." N.J. Chamb. Commerce v. N.J. Elec. Law Enforce. Comm., 82 N.J. 57, 82 (1980). "[I]n the execution of its rule-making power a state agency may not go beyond declared statutory policy." Gladden v. Pub. Emp. Retirement System Trustee Bd., 171 N.J. Super. 363, 374 (App.Div. 1979).
N.J.A.C. 5:91-7.3(b) provides that after mediation the Council "shall determine whether to grant, deny or conditionally deny substantive certification, or to refer the matter to the Office of Administrative Law for adjudication as a contested case." However, the Council's regulations also provide that, "[i]n the event mediation efforts are unsuccessful the Council shall determine whether to refer the matter to the Office of Administrative Law (OAL) for resolution as a contested case." N.J.A.C. 5:91-8.1(a). The general provisions of the Administrative Code state, "[a]fter an agency proceeding has commenced, the agency head shall promptly determine whether the matter is a contested case." N.J.A.C. 1:1-4.1(a). In establishing the OAL, the Legislature provided, "[n]othing in this ... act shall be construed to deprive the head of any agency of the authority pursuant to ... [N.J.S.A. 52:14B-10] to determine whether a case is contested...." N.J.S.A. 52:14F-7(a). Thus, it is clear that the Council has the authority to determine whether a case is contested. See In re Uniform Adm'v Procedures Rules, 90 N.J. 85 (1982). The dispute will receive an evidentiary hearing only if the Council determines that the case is contested. See N.J.S.A. 52:14B-10. In the circumstances of this case, however, *342 there can be no question but that the dispute is contested and must be referred to the OAL.
We reverse the grant of substantive certification of the Bernards Township housing element by the Council on Affordable Housing and remand for an evidentiary hearing.