HIGH HORIZONS DEVELOPMENT COMPANY, APPELLANT, v. NEW JERSEY DEPARTMENT OF TRANSPORTATION, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 16, 1989—Decided March 23, 1989.

Before Judges BRODY, ASHBEY and SKILLMAN.

*John W. Wopat, III,* argued the cause for appellant (*Falvo and Wopat,* attorneys; *John W. Wopat,* of counsel and on the brief).

*Jeffrey W. Gerber,* Deputy Attorney General, argued the cause for respondent (*Peter N. Perretti, Jr.,* Attorney General,

attorney; *Michael R. Clancy,* Deputy Attorney General, of counsel and *Jeffrey W. Gerber,* on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

The primary issue presented by this appeal is whether the denial by the staff of the Department of Transportation (DOT) of an application for a state highway access permit presents a "contested case" under *N.J.S.A.* 52:14B–2(b) which entitles the applicant to an evidentiary hearing before the Office of Administrative Law.

On April 27, 1987, appellant High Horizons Development Company filed an application with the DOT for a permit allowing direct access from its proposed condominium complex onto Route 36 (also called Ocean Boulevard) in the City of Long Branch. The complex is bounded by two other roads: Clifton Avenue, a secondary road parallel to Route 36, and Joline Avenue, a secondary road that intersects Clifton Avenue and Route 36.

On June 19, 1987, Stephen P. Witkowski, Principal Engineer, Construction and Maintenance, Region III permits, sent a letter to appellant denying the application. The letter set forth the following reasons for the denial:

> The site for the proposed residential development is located several hundred feet north of Joline Avenue which is a signalized intersection with exclusive left turn lanes provided on Route 36. It is recommended that direct access to the site from Route 36 be denied due to the alternate access which is available on Clifton Avenue. This would allow all required traffic movements to be accomplished at the signalized intersection.

On August 12, 1987, appellant sent a letter appealing the denial of its permit application. On October 2, 1987, Carl A. Breccia, another official of the DOT, responded by letter which stated: "Be advised that we maintain our original position and uphold our denial." Breccia's letter also stated that the DOT would consider allowing access for emergency vehicles from Route 36 to the site.

By letter dated January 22, 1988, Anthony J. Muscillo, the Director of Public Safety for the City of Long Branch, expressed the City's support for appellant's being allowed access to Route 36 from its site. Muscillo stated:

> All of the approvals granted [by the Long Branch Planning Board] have indicated a means of ingress and egress being shown on both Clifton Avenue and Ocean Boulevard. The development faces on Ocean Boulevard, and the main entrance is located on Ocean Boulevard. Clifton Avenue provides an additional means of ingress and egress as well.
>
> Clifton Avenue is a secondary City street which will be improved by the developers as part of their municipal approvals. Even after it is improved, it will still be a secondary street and not designed to handle the totality of the traffic to be generated by this site. As the Public Safety Director of the City of Long Branch, it is essential that this site be provided with a means of ingress from Ocean Boulevard so that the same can be reached by emergency vehicles and personnel, and also receive other municipal services without causing all of the traffic to impact on the local City street.

>     \*     \*     \*     \*     \*     \*     \*     \*

> I understand that the Department is considering limited access to Ocean Boulevard for emergency vehicles by use of installation of break away chains. The City would not be in favor of this since it desires the main access to be on Ocean Boulevard. Further, it believes that the use of the break away chains would be aesthetically unpleasant and would cause probable safety and traffic problems with people attempting to turn into the site off of Ocean Boulevard.

By letter dated January 28, 1988, appellant asked the DOT to reconsider its decision. Appellant relied upon the letter of the Long Branch Public Safety Director and a Traffic Impact Study prepared by Abbington–Ney Associates. The Abbington–Ney report stated, among other things, that "[s]ight distance was found to be excellent from the access point to Ocean Boulevard."

By letter dated February 29, 1988, Nicholas J. Cifelli, Regional Engineer of the DOT, advised appellant that DOT had reaffirmed its decision denying direct access to Route 36.

On April 25, 1988, a hearing was held before Walter W. Caddell, Director of the Division of Right of Way Support Services. Caddell described the hearing as "an informal meeting" at which "[w]e will listen to any reasons or additional data or information that the applicant may have to present to us."

No witnesses were sworn and the DOT presented no evidence at the hearing.

By letter dated June 30, 1988, Caddell made what he described as the "final decision" of DOT reaffirming the denial of appellant's application for an access permit to Route 36. Caddell's letter states in pertinent part as follows:

> It is the position of the DOT that there is ample access to the site from Clifton Avenue. Providing access to the complex from Route 36 is unnecessary due to the proximity of the regulated crossing at Joline Avenue. The additional access to Route 36 would adversely effect the existing traffic patterns on Route 36. Emergency access from Route 36 is the only access that is necessary which the DOT has stated it would allow.

> \* \* \* \* \* \* \* \*

> The DOT has received documentation from the fire marshall and public safety director of Long Branch indicating their desire for direct access of emergency vehicles to the facility from Route 36. Although it was the initial position of DOT that no access to Route 36 should be allowed, since there is concern over the access for emergency vehicles, the DOT will allow access for emergency services in the form of mountable curbing with chains to discourage use except for emergency vehicles.

> \* \* \* \* \* \* \* \*

> The DOT has a responsibility to regulate access on its highways so that they are safe and efficient. Direct access to Route 36 from the site would negatively effect existing traffic patterns. It is the position of the DOT that Clifton Avenue will provide capable and safe access to the site. Other than the provision for emergency access, High Horizons has been unable to provide credible evidence showing that the Clifton Avenue access would not be sufficient.

Appellant appealed this decision and the DOT filed a statement of the items comprising the record with this court. *See R.* 2:5–4(b). Appellant then filed a motion with DOT under *R.* 2:5–5(a) to settle the record on appeal. Appellant stated that it had never seen six of the fifteen documents listed in the statement of items comprising the record. Therefore, appellant urged that "[t]he inescapable conclusion is that at the time of the denial of the High Horizon permit application, the Department acted upon information, studies and conclusions that were never provided to the applicant." By letter dated October 8,

1988, Caddell denied appellant's motion, stating that "the record will remain as previously submitted." [1]

# I

Appellant's entitlement to an evidentiary hearing turns on whether an application for a permit granting access to a state highway is a "contested case." A "contested case" is defined by *N.J.S.A.* 52:14B–2(b) as "a proceeding, including any licensing proceeding, in which the legal rights, duties, obligations, privileges, benefits or other legal relations of specific parties are required by constitutional right or by statute to be determined by an agency by decisions, determinations, or orders, addressed to them or disposing of their interests, after opportunity for an agency hearing...."

The leading case in this state dealing with the entitlement to an evidentiary hearing in the administrative process is *Cunningham v. Dep't of Civil Service*, 69 *N.J.* 13 (1975). The Court in *Cunningham* described the tests for determining a party's entitlement to a hearing as follows:

> The crucial questions are whether the fact finding involves a certain person or persons whose rights will be directly affected, and whether the subject matter at issue is susceptible to the receipt of evidence.

> \*    \*    \*    \*    \*    \*    \*    \*

> Contested factual issues which may be presented in an evidential manner in proceedings which are targeted at a person satisfy the first prerequisite for a hearing. In such cases adjudicative, as opposed to legislative, facts will usually be at issue. The second prerequisite is that the party affected by the administrative action have a safeguarded interest. Particularized property rights or other special interests must exist. [69 *N.J.* at 22–24; citations omitted].

When these conditions are satisfied, a party is "entitled to a hearing as a matter of fundamental fairness and administrative due process." *Id.* at 26; *see also In re Solid Waste Utility Customer Lists*, 106 *N.J.* 508, 517 (1987).

---

[1]Appellant did not move before us to review this determination. *See R.* 2:5–5(a).

Under the criteria set forth in *Cunningham,* appellant is entitled to an evidentiary hearing. First, appellant's application for a highway access permit presents "contested factual issues." The right of access by abutting landowners to state highways is controlled by detailed administrative regulations, *N.J.A.C.* 16:41–2.1 to 2.21. *N.J.A.C.* 16:41–2.1(b) provides in pertinent part that:

> Abutting land owners have reasonable rights of access that must be consistent with the efficient and safe use of the highway. In defining these land owner access rights, the level of service provided by the highway and the impacts upon this level of service by the proposed development will provide the basis for the extent and type of access that will be permitted in order to ensure the efficient and safe use of the highway.

Whether the access to a highway afforded a specific landowner is "reasonable" and what access is "consistent with efficient and safe use of the highway" are factual questions which must be decided after an evidentiary hearing at which pertinent factual materials and expert opinions are presented.[2] In the present case, for example, appellant's experts, Abbington–Ney Associates, and the Director of Public Safety of Long Branch, both concluded that direct access from appellant's site to Route 36 should be allowed, whereas the staff of the Monmouth County Planning Board and the DOT engineers reached the opposite conclusion.[3]

---

[2] The Commissioner of Transportation also may address the subject of access to state highways by administrative regulation. *See, e.g., L.* 1989, *c.* 32, which will become effective May 24, 1989. This opinion does not address the procedures pertaining to the adoption of such regulations or any challenge to their validity. However, we note that in many circumstances "substantive rights of which a party could not be deprived on individual grounds without a trial-type hearing may be taken away through the operation of general rules adopted through notice and written comments." 2 *Davis, Administrative Law Treatise* (2nd ed.1979), § 12.16 at 468.

[3] The documents submitted to DOT by the county planning board and its own engineers were not disclosed to appellant until this appeal was filed. DOT's failure to disclose these materials is discussed in the second section of this opinion.

Furthermore, appellant has "particularized property rights" which will be affected by the resolution of this factual dispute. The usefulness of appellant's property, and consequently its value, is directly related to the access it is afforded to adjoining roadways. Appellant's particularized property interest in the approval of its application for an access permit distinguishes the present case from *Public Interest Research Group of N.J., Inc. v. State,* 152 *N.J.Super.* 191, 204–208 (App.Div.1977), certif. den. 75 *N.J.* 538 (1977); *In re Public Hearings,* 142 *N.J.Super.* 136, 149–155 (App.Div.1976), certif. den. 72 *N.J.* 457 (1976) and *In re Dep't of Environmental Protection,* 139 *N.J.Super.* 514 (App.Div.1976), which hold that groups of citizens objecting to proposed governmental action do not have the kind of "particularized property rights or other special interests" entitling them to an evidentiary hearing. *See also Cedar Grove v. Sheridan,* 209 *N.J.Super.* 267, 274–275 (App.Div.1986), certif. den. 104 *N.J.* 464 (1986); *In re Applications of North Jersey Dist. Water Supply Comm'n,* 175 *N.J.Super.* 167, 202–204 (App.Div.1980), certif. den. 85 *N.J.* 460 (1980); *Little Falls Tp. v. Bardin,* 173 *N.J.Super.* 397, 406–407 (App.Div.1979); *In re Application of Modern Industrial Waste Service, Inc.,* 153 *N.J.Super.* 232 (App.Div.1977) (all holding that a municipality which objects on behalf of its citizens to a state agency's proposed action does not have the kind of particularized interest entitling it to a hearing).

Finally, we reject DOT's argument that appellant is not entitled to an evidentiary hearing because its right of access to Route 36 is not the kind of property right which would be compensable in a condemnation action. *See State v. Kendall,* 107 *N.J.Super.* 248 (App.Div.1969). A party may have a sufficiently particularized property interest in proposed governmental action to be entitled to an administrative hearing without showing a threatened taking of property of constitutional dimensions. *See Hills Development Co. v. Bernards Tp.,* 229 *N.J.Super.* 318, 334–342 (App.Div.1988). Therefore, appellant

is entitled to an evidentiary hearing regarding its application for a highway access permit.

## II

■ We also conclude that the DOT violated the requirements of administrative due process by failing to disclose all of the documents upon which it relied in denying appellant's application. It is a fundamental principle of administrative law that in quasi-judicial proceedings "[t]he individual litigant is entitled to be appraised of the materials upon which the agency is acting. He has a right not only to refute but, what in a case like this is usually more important, to supplement, explain, and give different perspective to the hearer's view of the case." *Mazza v. Cavicchia,* 15 *N.J.* 498, 515 (1954). *Accord Winston v. South Plainfield Boro. Bd. of Education,* 125 *N.J.Super.* 131, 138 (App.Div.1973), aff'd 64 *N.J.* 582, 586 (1974); *Fifth St. Pier Corp. v. Hoboken,* 22 *N.J.* 326, 335–339 (1956); *New Jersey State Parole Bd. v. Cestari,* 224 *N.J.Super.* 534, 545–546 (App.Div.1988), certif. den. 111 *N.J.* 649 (1988).

In the present case, appellant was never furnished with the only significant traffic flow analyses adverse to the grant of its application for access to Route 36. On May 1, 1987, two environmental planners employed by the Monmouth County Planning Board wrote a letter to the Division of Coastal Resources in the Department of Environmental Protection, a copy of which was sent to DOT, which contained the following analysis of proposed access to Route 36 from another condominium development nearby appellant's development.

> The staff of the Planning Board is concerned about the proposed ingress and egress of the project onto Ocean Boulevard. While Ocean Boulevard has the capacity to absorb the traffic burden of this project at this time, several traffic design considerations should be considered:
>
> 1. Providing access to the project from Ocean Boulevard may be unnecessary given the proximity of a currently regulated crossing at Avenel Boulevard. The additional access to Ocean Boulevard could adversely affect the existing traffic patterns on Ocean Boulevard.

2. No provision is made for north-bound traffic to enter the development. Any north-bound vehicle must make a U-turn on Ocean Boulevard and approach the project from the north in order to enter the development.
3. The placement of parking places immediately inside the access drive area could result in a collision with incoming traffic.

Shortly thereafter, Regional Design Engineer Frederick T. Bogdan sent a memorandum to Witkowski recommending denial of appellant's application. This memorandum stated in pertinent part:

The site for the proposed residential development is located several hundred feet north of Joline Avenue which is a signalized intersection with exclusive left turn lanes provided on Route 36. It is recommended that direct access to the site from Route 36 be denied due to the alternate access which is available on Clifton Avenue. This would allow all required traffic movements to be accomplished at the signalized intersection.

Our position regarding access to the site is echoed in the attached correspondence from the Monmouth County Planning Board dated May 1, 1987 regarding another residential development located between Avenel and Atlantic Avenues and would also be consistent with our recommendations regarding A–36–3–354–86 located on Route 36 at Avenel Boulevard.

Even though neither the planning board's letter nor the Bogdan memorandum were furnished to appellant, these documents appear to have been the primary basis for Witkowski's decision of June 19, 1987 denying appellant's application.

Furthermore, when appellant sought reconsideration of DOT's denial of its application, Bogdan sent another memorandum to Witkowski, dated September 24, 1987, which recommended that "the Department maintain its position regarding denial of access to the site from Route 36." And when the application was again subject to reconsideration by DOT several months later, Bogdan sent another memorandum to Breccia, dated January 6, 1988, which stated in pertinent part:

Reference is made to your memorandum dated December 4, 1987 regarding the above captioned proposal. As stated in previous review comments regarding this matter, this office maintains its position of denial of access to the site from Route 36.

However, in consideration of the additional information provided in correspondence from Peter S. Falvo, Jr., dated November 23, 1987, and Lt. Larry Fornicola, Jr., dated October 30, 1987, this office recommends the following improvements to provide access from Route 36 for *emergency vehicles only.*

*    *    *    *    *    *    *    *

It is also recommended that signing and/or breakaway chains be provided internally on the site to provide warning and discourage use of the access by non-emergency vehicles. [Emphasis in original].

None of Bogdan's memoranda to Witkowski were furnished to appellant.

DOT's failure to furnish appellant with the county planning board's staff analysis and the internal memoranda upon which DOT relied in denying the access permit was fundamentally unfair. It deprived appellant of the opportunity to address the specific concerns of DOT and to compare the views of the county planning board's staff with those of the municipal public safety director. Consequently, appellant is entitled, as a matter of administrative due process, to address this previously undisclosed evidentiary material. *Mazza v. Cavicchia, supra.* An evidentiary hearing before an Administrative Law Judge will afford appellant this opportunity.

Accordingly, we reverse DOT's final decision denying appellant's application for a highway access permit and remand the matter to the DOT for referral to the Office of Administrative Law as a contested case.