**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3537-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL J. WARD, IV,

     Defendant-Appellant.

_____

> Argued May 21, 2024 – Decided July 11, 2024
>
> Before Judges Gooden Brown and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 22-0018.
>
> Steven E. Angstreich argued the cause for appellant (Weir Greenblatt Pierce LLP, attorneys; Steven E. Angstreich, on the briefs).
>
> Richard A. Gantner argued the cause for respondent (Cleary Giacobbe Alfieri Jacobs LLC, attorneys; Richard A. Gantner, on the brief).

PER CURIAM

Defendant Michael J. Ward, IV appeals from the June 9, 2023, Law Division order finding him guilty of violating a municipal sidewalk ordinance, Ordinance 176-12G, following a de novo trial. The June 9 order imposed fines and fees and ordered defendant to repair the sidewalk in front of his residential property located in the Borough of Beach Haven (Borough). We affirm.

The following facts are undisputed.[1] The front of defendant's property line borders a twelve-foot-wide grassy area, followed by a sidewalk, and then the street curb, all owned by the Borough. The sidewalk has been in a state of disrepair for a significant period of time. On September 30, 2020, a Borough Code Enforcement Officer issued a summons and complaint, alleging that defendant violated Ordinance 176-12G on June 18, 2020, by failing to repair the sidewalk abutting his property.

At the time, the ordinance read in pertinent part as follows:

> G. Notice to Abutting Owners to Repair. Whenever the pavement or surface of any public sidewalk or portion thereof upon or along a public street in the Borough shall be found to be broken, disintegrated, uneven or otherwise defective to such an extent that it would be likely to cause a pedestrian to trip or fall in passing along the same, and such condition shall be complained of to, or discovered by the Code Enforcement Officer of the Borough, he/she shall make, or cause to be made, an inspection of the sidewalk or portion thereof, and

---

[1] The parties stipulated to the facts.

shall report the condition thereof by him/her so found, to the Borough Manager with his/her recommendations for the correction or elimination of such condition. If such condition shall be found to constitute a hazard to pedestrians' use of the sidewalk or portion thereof, and may be eliminated by repair or reconstruction, the Code Enforcement Officer may cause written notice to be given to the owner of all real estate abutting upon the sidewalk or portion thereof, so found to be dangerous or hazardous and to require reconstruction or repair, requiring such owner to reconstruct or repair the sidewalk or portion thereof, within [thirty] days after the service of such notice, in the manner, to the extent and in accordance with the specifications to be set forth in the notice. Such notice shall also contain a description of the property abutting upon such sidewalk or portion thereof so required to be reconstructed or repaired, which description shall be sufficient to identify such property.

H. Failure to Obey Notice. . . .

. . . .

Failure to reconstruct or repair the sidewalk, or pay the amount assessed will be deemed a violation of this section and, upon conviction thereof, shall be punished as provided by Section I-16.

[(Emphasis omitted).]

Defendant successfully challenged the complaint in municipal court. The complaint was dismissed after a June 7, 2021, trial because the ordinance did

3

not expressly define the term "abut," which the municipal court judge found "vague."[2]

Subsequently, the Borough amended the ordinance to include an express definition of "abut." Under the amended ordinance, which became effective on August 29, 2021, "abut" is defined as follows:

> For purposes of enforcement of this subsection, "abut" and/or "abutting," and all derivatives therefrom shall also apply and extend to any right-of-way, easement, or municipal real property not otherwise or exclusively owned by the homeowner, that runs along the frontage, side, or rear of the homeowner's property, upon which a sidewalk has been laid, which falls between the homeowner's property line and the nearest curb line (or street line where no curb is present), and where no interceding, separately and privately owned property lies between the homeowner's property line and the sidewalk.
>
> [(Emphasis omitted).]

Thereafter, the Borough issued a new summons and complaint, alleging that defendant's failure to repair the sidewalk on November 1, 2021, violated the amended ordinance. This time, the municipal court judge found defendant guilty, rejecting his contention that the complaint violated principles of double jeopardy.

---

[2] Although the record does not include the June 7, 2021, transcript, the parties stipulated that this was the reason for the dismissal.

A-3537-22

Defendant appealed his conviction to the Superior Court. Following a trial de novo on the record, see R. 3:23-8, on June 9, 2023, the Law Division judge issued an order finding defendant guilty. In a supporting written decision, the judge rejected defendant's argument that his property did not "abut[]" the sidewalk because of the twelve-foot-grassy area that separated the sidewalk from defendant's property and that belonged to the Borough. The judge also rejected defendant's double jeopardy challenge, and rejected defendant's claim that the ordinance did not apply to residential property owners. The judge imposed fines and fees and denied defendant's application to stay his obligation to repair the sidewalk pending appeal given "the continued safety risk to people utilizing the sidewalk while it [was] in disrepair."

In this ensuing appeal, defendant raises the following points for our consideration:

> [POINT I]
>
> THE TRIAL COURT ERRED IN FINDING THAT [DEFENDANT] WAS OBLIGATED TO REPAIR THE MUNICIPAL SIDEWALK[.]
>
> > [A.] The Trial Court Erred in Finding that the Ordinance Applies to Residential Property Owners[.]
> >
> > [B.] The Trial Court Erred in Finding that the Properties Abut.

A-3537-22

[POINT II]

THE TRIAL COURT ERRED IN FINDING DOUBLE
JEOPARDY WAS NOT APPLICABLE.

Our scope of review is limited. A trial court reviews a municipal court appeal de novo on the record, and makes independent "findings of fact and conclusions of law but defers to the municipal court's credibility findings." State v. Robertson, 228 N.J. 138, 147 (2017). Our review "focuses on whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." Id. at 148 (omission in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). Accordingly, our review "is limited to 'the action of the Law Division and not that of the municipal court,'" State v. Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (quoting State v. Palma, 219 N.J. 584, 591-92 (2014)), and "[u]nlike the Law Division, . . . we do not independently assess the evidence," State v. Monaco, 444 N.J. Super. 539, 549 (App. Div. 2016) (citation omitted) (citing State v. Locurto, 157 N.J. 463, 471 (1999)). "However, where issues on appeal turn on purely legal determinations, our review is plenary," Monaco, 444 N.J. Super. at 549 (citing State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011)), and "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference," Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

A-3537-22

Applying these principles, we affirm substantially for the reasons stated in the Law Division judge's well-reasoned opinion. On appeal, defendant reprises the arguments rejected by the judge, first arguing that under the case law, "only commercial property owners can be made responsible for the cost of municipal sidewalk repair." As a result, defendant contends that the "[Borough's] ordinance is only applicable to commercial property owners," not residential property owners like him. We disagree.

As the judge noted in his opinion, municipalities are authorized by statute to enact ordinances requiring landowners to repair sidewalks. Specifically, N.J.S.A. 40:65-14 provides in pertinent part:

> Any municipality may prescribe by general ordinance in what case curbs and sidewalks shall be constructed, repaired, altered, relaid or maintained at the expense of the abutting landowners; wherever in any municipality it shall hereafter become the duty of any owner of abutting lands under said ordinance or ordinances of the municipality to construct, repair, alter or relay any curb or sidewalk, or section thereof, the authorities of such municipality having charge of street affairs may, by resolution, cause a notice in writing to be served upon the owners or occupant of said lands, requiring the necessary specified work to said curb or sidewalk to be done by the said owner or occupant within a period of not less than [thirty] days from the date of service of such notice . . . .

Defendant acknowledges that the statute does not distinguish between commercial and residential landowners, but cites Stewart v. 104 Wallace Street, Inc., 87 N.J. 146 (1981), and Luchejko v. City of Hoboken, 207 N.J. 191 (2011), for the proposition that only commercial property owners can be required to bear the cost of sidewalk repair.  In Stewart, our Supreme Court imposed tort liability upon abutting commercial landowners "for a pedestrian's injuries caused by a dilapidated sidewalk."  87 N.J. at 149.  However, the Stewart Court did not extend sidewalk liability to residential property owners, explaining:

> While we acknowledge that whether the ownership of the property abutting the sidewalk is commercial or residential matters little to the injured pedestrian, see Davis v. Pecorino, [69 N.J. 1, 12 (1975)] (Clifford, J., dissenting), we believe that the case for imposing a duty to maintain sidewalks is particularly compelling with respect to abutting commercial property owners.
>
> [87 N.J. at 159 (footnote omitted).]

In Luchejko, the Court addressed whether a condominium complex was "liable in tort" for injury sustained by a pedestrian who slipped and fell on a sheet of black ice on its abutting public sidewalk.  207 N.J. at 195-96. Acknowledging "[a]n unbroken series of decisions" that "maintained a distinction between commercial and residential property owners for the purpose of imposing a duty to maintain sidewalks," the Court concluded that the

condominium complex was "residential" and therefore not subject to sidewalk liability for the injury.  Id. at 195.

The Court reaffirmed its settled jurisprudence that:

> Residential homeowners can safely rely on the fact that they will not be liable unless they create or exacerbate a dangerous sidewalk condition; commercial owners, defined in reference to their use of the property and its capacity to generate income, know that clearing their abutting sidewalks is a cost of doing business and that failure to do so can lead to liability.
>
> [Id. at 210.]

Although the municipality had a specific ordinance requiring private persons to remove snow and ice from sidewalks abutting their property, the Luchejko Court stressed the well-settled principal that municipal ordinances do not create tort duty, as a matter of law.  Id. at 201.  In that regard, the Court explicitly reaffirmed the longstanding precedent that, despite the imposition of a municipal duty to repair, a private citizen's breach of an ordinance does not create tort liability:

> First, it has long been the law in this state that breach of an ordinance directing private persons to care for public property
>
> > shall be remediable only at the instance of the municipal government . . . and that there shall be no right of action to an individual citizen especially injured in

consequence of such breach. The most conspicuous cases of this sort are those that deny liability to private suit for violation of the duty imposed by ordinance upon abutting property-owners to maintain sidewalk pavements or to remove ice and snow from the walks.

[Id. at 200 (omission in original) (emphasis omitted) (quoting Fielders v. N. Jersey St. Ry. Co., 68 N.J.L. 343, 352 (E. & A. 1902)).]

Here, we agree with the judge that defendant's reliance on Stewart and Luchejko is "misplaced." As the judge explained, the issue was not whether defendant was "liable for a tort that may occur on the sidewalk in question," but whether the Borough could "impose upon [defendant] the obligation to repair the sidewalk," which the judge concluded it could pursuant to its authority under N.J.S.A. 40:65-14. The judge also rejected defendant's contention that the Borough was subjecting defendant to tort liability if he "undertook the responsibility to repair the sidewalk," noting "[t]his very point was addressed in [Luchejko]." Thus, the judge concluded the Borough "had the requisite authority to enact Ordinance 176-12G, imposing the obligation to repair the dilapidated sidewalk upon [defendant]," and "[t]he holdings in Stewart and Luchejko simply [did] not apply."

Defendant also asserts that although N.J.S.A. 40:65-14 permits municipalities to regulate abutting landowners, "the enabling statute does not define the terms 'abut' or 'abutting.'" Defendant urges this court to interpret the term so that "property boundaries must touch each other for them to abut, consistent with case law and their dictionary definitions." Based on such a definition, defendant posits he is not an abutting landowner because there is a twelve-foot-wide grassy area owned by the Borough that separates the sidewalk from his property line. The Borough counters, as it did in the Law Division, that the cases relied on by defendant are distinguishable, and supports its position with a certification by the Borough Engineer stating that "[e]very street in the Borough has approximately a [ten- to twelve-]foot-wide right-of-way that encompasses the curb, landscape utility strip and sidewalk area."

We agree with the judge that defendant's argument is unavailing. As the judge explained:

> A plain reading of the [Borough's] definition reveals three necessary elements to impose the sidewalk repair obligation upon a property owner. First, that the right-of-way, easement, or municipal real property at issue runs along the frontage of the homeowner's property. Second, that a sidewalk has been laid between the homeowner's property line and the nearest curb line. Lastly, there is not any interceding, separately and privately owned property between the homeowner's property line and the sidewalk. In this case, each of the

11

elements are met. The municipal real property runs along the front of [defendant's] property, a sidewalk has been laid between [defendant's] property line and the curb line and there is not any interceding privately owned property between [defendant's] property line and the sidewalk in question.

[(Emphasis omitted).]

Next, the judge distinguished the cases defendant relied upon as follows:

Specifically, in [Orgo Farms & Greenhouses, Inc. v. Township of Colts Neck, 204 N.J. Super. 585, 568 (Law Div. 1985),] in deciding a builder's remedy lawsuit, the trial court used the term "abut" in a general sense to describe the tract of land in question shared a common boundary with Freehold Township. In [Con Realty Co. v. Ellenstein, 125 N.J.L. 196, 198 (1940),] the . . . Supreme Court denied a landowner['s] writ [of] certiorari because his parcel of property did not "abut" a portion of street to be vacated for a housing project. Again, the term "abut" was used to describe whether the two parcels of land in question shared a common boundary. [Ibid.] Lastly, in [High Horizons Development Co. v. New Jersey Department of Transportation, 231 N.J. Super. 399, 405 (App. Div. 1989),] in handling an appeal from a denial of a road opening permit, the Appellate Division used the term "abutting" to describe landowners who may have a right of access to state highways. [Ibid.] In each of the cited cases, the term "abut" or "abutting" was used to describe the physical relationship between two tracts or property that shared (or did not share) a common boundary. In the case sub judice, [the Borough's] enacted definition of "abut" or "abutting" is used to determine whether the municipal real property runs along the frontage of property owner's property, meaning they share a common border.

12

[(Emphasis omitted).]

Applying defendant's definition of "abut," whereby the sidewalk must touch defendant's property line, would lead to absurd results. Under defendant's definition, every property owner would be absolved of the Borough's sidewalk repair obligations. Because the Borough is authorized by statute to require abutting landowners to repair sidewalks, and can generally enact or amend ordinances to best meet the needs of the community, like the judge, we reject defendant's misplaced contention. See N.J.S.A. 40:48-2 (providing that municipalities enjoy broad discretion to enact ordinances to preserve the "health, safety and welfare" of its residents); Cona v. Twp. of Wash., 456 N.J. Super. 197, 215 (App. Div. 2018) ("Municipal ordinances are normally liberally construed in favor of the municipality and are presumed valid, with the burden of proving otherwise placed upon the party seeking to overturn the ordinance." (quoting State v. Golin, 363 N.J. Super. 474, 481-82 (App. Div. 2003))).

Finally, defendant argues that double jeopardy bars the Borough from prosecuting him "for the same violation of the same [o]rdinance twice."

The double jeopardy clauses of the United States and New Jersey Constitutions provide that no person shall be tried twice for the same criminal offense. U.S. Const. amend. V; N.J. Const. art. I, ¶ 11. Our Supreme Court "has

13

consistently interpreted the State Constitution's double[ ]jeopardy protection as coextensive with the guarantee of the federal Constitution."  State v. Miles, 229 N.J. 83, 92 (2017).  To be sure, double jeopardy protections apply equally to municipal ordinance violations.  See State v. Barnes, 84 N.J. 362, 369-70 (1980); State v. Carlson, 344 N.J. Super 521, 527 (App. Div. 2001).

> The Double Jeopardy Clause contains three protections for defendants.  It protects against (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense."  North Carolina v. Pearce, 395 U.S. 711, 717 (1969).  Common to all three protections is the concept of "same offense."  Accordingly, a prime concern when reviewing a double-jeopardy claim is "whether the second prosecution is for the same offense involved in the first."  State v. Yoskowitz, 116 N.J. 679, 689 (1989) (quoting [State v. De Luca, 108 N.J. 98, 102 (1987)]).

> [Miles, 229 N.J. at 92-93.]

Here, the Borough's second complaint against defendant is not for the same offense involved in the first complaint.  The first complaint was issued on September 30, 2020, and the second complaint was issued more than a year later, on November 1, 2021.  While both complaints alleged a failure to repair the sidewalk, the violations encompassed different time periods, representing a failure to act on two separate and distinct occasions.  As the judge pointed out,

14

"[f]or each day the sidewalk remains in disrepair, [defendant] could face an additional sanction." The multiple sidewalk violations are akin to an ongoing parking violation, where a traffic enforcement officer would not hesitate to issue repeated parking tickets, undoubtedly a common occurrence, without triggering double jeopardy protections.

To the extent any argument raised by defendant has not been explicitly addressed in this opinion, it is because the argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3537-22